## CLELLAND ET AL. v. McCUMBER.

1. DUTY OF COUNTY JUDGE UPON RESIGNING OFFICE.— When a county judge resigns it is his duty, without demand therefor, to turn over to his successor in office all moneys and effects which have come into his hands in the execution of the duties of his office, so far as the same have not been applied to legitimate purposes.
2. LIABILITY ON OFFICIAL BOND FOR FAILURE TO ACCOUNT.— The failure of a county judge, upon resigning, to pay over money deposited in a condemnation proceeding, is a breach of his official bond; and thereupon a cause of action accrues to any one specially injured by such breach, as soon as legal damages result therefrom.
3. DISPOSITION OF DEPOSIT IN CONDEMNATION PROCEEDINGS.— The petitioner in condemnation proceedings has an immediate and direct interest in the preliminary deposit at all times until the final adjudication, and until the same is applied to its ultimate purposes. The deposit is not payment, nor part payment, until it is actually so applied.

4. BREACH OF OFFICIAL BOND GIVES IMMEDIATE CAUSE OF ACTION —
STATUTE OF LIMITATION.— If by any means the deposit fails, peti-
tioner becomes liable to replace the same or to lose possession of the
premises. When a county judge resigns without paying over the de-
posit to his successor, an immediate legal injury results, and a cause
of action thereupon accrues to petitioner upon the official bond of
the defaulting officer.

*Appeal from District Court of Fremont County.*

THIS is an appeal from a judgment rendered in an action
upon the official bond of the county judge of Fremont
county.

The cause was submitted in the court below upon an
agreed statement of facts, which may be summarized as
follows: Copy of official bond of Robert A. Bain, as county
judge, in the sum of $5,000, and in form substantially as re-
quired by law, with James Clelland, J. L. Prentiss, S. W.
Humphrey and others as sureties.

In October, 1880, the Denver & Rio Grande Railway Com-
pany commenced proceedings in the county court of Fre-
mont county to condemn right of way for its road through
the lands of Phillip A. McCumber. By order of said court,
the railway company deposited with Robert A. Bain, judge
and acting clerk of said court, the sum of $225, the esti-
mated compensation and damages for the right of way, and
thereupon the railway company took possession of the land.

In April, 1884, the condemnation proceeding was tried,
and the sum of $1,940 was awarded and adjudged in favor
of said McCumber. The railway company appealed the
cause to the supreme court. In February, 1887, said appeal
was dismissed, and thereupon the railway company duly
assigned to said McCumber the deposit of $225.

Shortly after the deposit was made, Judge Bain resigned
his office, the resignation taking effect October 1, 1881; and
Judge Waldo became his successor on the same day. Judge
Bain did not pay over the deposit to his successor, nor has
the same ever been paid to the railway company, or to said
McCumber. On March 26, 1888, said McCumber, as assignee

of the railway company, commenced this action upon the official bond of Judge Bain to recover damages on account of his failure to pay over said sum of $225. The appellants herein, being sureties upon his bond, were summoned as defendants. The finding and judgment were in favor of McCumber, appellee herein.

Mr. C. D. BRADLEY, for appellants.

Mr. A. MACON, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

On this appeal no objection is urged that the action was not brought in the name of the proper party. The assignments of error question only the sufficiency of the evidence to support the finding and judgment under the issues; and the particular matter relied on is that the agreed statement of facts fully sustains the defense of the six-year statute of limitations, which was duly pleaded to the action.

When Judge Bain resigned as county judge it was his duty, without demand therefor, to turn over to his successor in office all moneys and effects which had come into his hands in the execution of the duties of his office, so far as the same had not been applied to legitimate purposes. His failure to pay over the $225 deposited in the condemnation proceeding was therefore a breach of his official bond; and thereupon a cause of action accrued to any one specially injured by such breach, as soon as legal damages resulted therefrom. Gen. St. 1883, § 590; *People v. Cramer, ante,* p. 155; *San Francisco v. Heynemann,* 71 Cal. 153; *People v. Van Ness,* 76 Cal. 121.

The agreed statement of facts is silent as to whether or not McCumber, upon dismissal of the appeal by the supreme court, actually received the $1,940 awarded him; but, as he sues in this action as assignee of the railway company, and not in his own right, we must presume that his only cause of action is the legal injury resulting to the railway com-

pany in consequence of the failure of Judge Bain to pay over the deposit to his successor. The material question to be determined, then, is, when did such injury first result?

Without determining what interest, if any, the owner of the property sought to be taken or damaged has in the preliminary deposit before final judgment in condemnation proceedings, it seems clear that the petitioner making such deposit has an immediate and direct interest therein at all times until the final adjudication, and until the same is finally applied to its ultimate purposes. Such deposit is essential to petitioner's right of entry and possession. If by any means it is withdrawn before the final determination of the controversy, petitioner's right of possession is suspended. The preliminary deposit is not payment, nor part payment, until it is actually so applied. It is in the nature of a continuing tender, and must at all times be kept good by petitioner, though it lacks some of the incidents of tender, in that the owner is not bound to accept it or incur the risk of being mulcted in costs if it proves sufficient. In receiving the preliminary deposit, the court, or its proper officer, acts as the depositary of the petitioner, who thereby, in pursuance of the statute, acquires the privilege of immediate entry and possession of the premises sought to be taken. The owner is an involuntary party to the proceeding. If by any means the deposit fails, petitioner's statutory privilege is at once imperiled, and the possession may be actually terminated unless the deposit be replaced. The deposit, therefore, must be considered as held by the public official at the risk of petitioner, until the same is actually applied to its ultimate purpose, or is otherwise legally disposed of. Lewis, Em. Dom. § 458 *et seq.; Blackshire v. Railroad Co.* 13 Kan. 514; *White v. Railway Co.* 64 Iowa, 281.

From the foregoing it will be readily perceived that the failure of Judge Bain to pay over to his successor the deposit of $225 was not only a breach of his official bond, but such failure resulted in an immediate legal injury to the railway company. The company thereby became liable to

replace the deposit or to lose possession of the premises. Hence a cause of action immediately accrued in favor of the company upon the judge's official bond, to recover the damages occasioned by the loss of the deposit. Such cause of action having accrued at the date of the breach of the bond, October 1, 1881, and this action not having been commenced until March, 1888, it was barred by the statute of limitations as against the railway company or any one suing in the right of such company. The judgment must accordingly be reversed and the cause remanded, with directions to dismiss the action.

*Reversed.*