[No. 1824.]

## THE CRYSTAL PALACE FLOURING COMPANY v. BUTTER-FIELD.

1. CONTRACTS—SALES—STATUTE OF FRAUDS.
A contract for the sale of grain evidenced by letters and telegrams whereby one offered to sell and the other agreed to buy a certain quantity and kind of wheat at a certain price, and stipulating the time and place of delivery, is a sufficient memorandum in writing subscribed by the parties, to comply with the requirements of section 1521, Gen. Stats., which provides that every contract for the sale of chattels, for the price of $50.00 or more, if no part of the goods is accepted and received by the buyer, and no part of the purchase money is paid by him, shall be evidenced by a note or memorandum in writing, subscribed by the parties to be charged.

2. SAME—TENDER.
In an action for damage for failing to deliver wheat as per agreement where the contract stipulated that the seller was to draw on the buyer for the price after shipment, it was not necessary that plaintiff should have made tender of the purchase price before bringing his action for damage.

3. PLEADING—DAMAGE—FAILURE TO DELIVER GOODS SOLD.
In an action for damage by a buyer against a seller for failing to deliver wheat as per contract, a complaint that set forth the contract and its breach and alleged that thereby plaintiff had been deprived of divers great gains and profits which otherwise would have accrued to plaintiff from the delivery of said wheat, and had sustained damage in a certain sum, was a sufficient allegation of damages as against a general demurrer or motion to exclude evidence.

*Appeal from the District Court of Arapahoe County.*

Mr. F. E. GREGG, for appellant.

Messrs. ROGERS & STAIR, for appellee.

THOMSON, J.

When this case came on for trial, the court sustained an objection by the defendant to the introduction of any evi-

dence, and entered judgment of dismissal against the plaintiff. The ground of the motion, and the reason assigned for the judgment, was that the complaint did not state facts sufficient to constitute a cause of action. The court, in rendering its judgment, stated its ground of objection to the complaint specifically as follows : " That the contract set out in the complaint herein was a contract for the delivery of grain at Denver, Colorado, and that the contract provides for payment for the said grain at Denver, Colorado, and that the complaint should have alleged that tender of the money for the purchase price of said grain was made to defendant at Denver, Colorado, before bringing this action." That objection, and two others, namely, that the contract was within the statute of frauds, and therefore void, and that the allegation of damage was insufficient, are presented to us by the argument of counsel.

The contract, as it was set forth in the complaint, consisted of a number of letters and telegrams which passed between the parties. The following is the history of the correspondence as given in that pleading. On the 26th day of September, 1896, the defendant sent by mail a letter to the plaintiff as follows :

" DENVER, COLO., Sept. 26th, 1896.
" THE CRYSTAL PALACE FLOUR MILLS,
    " Weatherford, Texas.
    " Gentlemen :—At the request of the agent of the Santa Fé R. R. at Denver, I am sending you today under a separate cover, a sample of our Colorado wheat marked No. 1. All of our wheat here is hard spring wheat and will average 59 lbs., and at today's rate I could sell this wheat to you at 76 ½c at Weatherford, but I hope to be able to get a lower rate by at least 10c per hundred, or 6c per bushel, in a day or two. If you can use this wheat, please wire me and I will gather up 5,000 bu. or 10,000 bu., and if possible to get a lower rate I will let you know at once. Please let me hear

from you at once. Wheat is very strong East, and is advancing every day.

"Yours truly,<br>
"L. BUTTERFIELD."

The plaintiff received this letter three days afterwards, and immediately telegraphed the following answer:

"WEATHERFORD, TEXAS, 9/29, 1896.

"To L. BUTTERFIELD,

　"Denver, Colo.

"Sample and quotation twenty-sixth received. Ship three thousand anyway, and ten thousand if you get ten cents lower freight rate. Draw through First Nat. Bank.

"CRYSTAL PALACE FLOURING MILLS CO."

To this telegram the defendant on the next day replied by wire as follows:

"DENVER, COLO., 30.

"To CRYSTAL FLOUR MILLS,

　Weatherford, Tx.

"Will ship three thousand. If get lower rate will advise.
"L. BUTTERFIELD."

At the same time, the defendant wrote and mailed to the plaintiff the following letter:

"DENVER, COLO., Sept. 30th, 1896.

"CRYSTAL PALACE FLOUR MILLS,

　"Wetherford, Texas.

"Gentlemen :—I have your message of the 29th, saying sample received, will take 3,000 bushels at price, 76 ½c F. O. B. Weatherford, and if I can get a lower rate will take more, and draw through the First National Bank. All right. I am trying to get a lower rate and so wired you this morning, and advised that I would ship the 3,000 bushels, and as soon as I can get a lower rate will advise you. I will know tomorrow or next day. I will get the wheat off as soon as possible, but it may be delayed a few days on account of a

carnival here in Denver the last of this week and all the next week, that is creating a great deal of excitement, but I will get it off as soon as possible. I hope to be able to sell you a good many cars of wheat.

"Yours truly,
"L. BUTTFRFIELD."

On the 19th day of October, 1896, the plaintiff telegraphed the defendant as follows:

"WEATHERFORD, TEXAS, 10/19, 1896.
"To L. BUTTERFIELD,
"Denver, Colo.
"Wire immediately our expense when you will ship our wheat.
"CRYSTAL PALACE FLOURING MILLS CO."

The plaintiff replied to this by the following telegram:

"DENVER, COLO., Oct. 20, 1896.
"To CRYSTAL PALACE FLOUR MILLS,
"Wheatherford, Texas.
"Wheat off this week. Offer five thousand more ninety Weatherford.
"L. BUTTERFIELD."

Afterwards, on the 19th day of November, 1896, the defendant sent by mail to the plaintiff the following letter:

"DENVER, COLO., November 9th, 1896.
"THE CRYSTAL PALACE FLOUR MILLS,
"Weatherford, Texas.
"Gentlemen:—I am just in receipt of yours of the 6th. I am sorry to disappoint you on the wheat, but the railroad promised me at the time I wired you about the wheat, that they would make me a rate of 25c into Texas. Now they have gone back on me and I am not going to be able to ship it.
"Yours truly,
"L. BUTTERFIELD."

The statute requires that every contract for the sale of

chattels, for the price of $50.00 or more, if no part of the goods is accepted and received by the buyer, and no part of the purchase money is paid by him, shall be evidenced by a note or memorandum in writing, subscribed by the parties to be charged.   Gen. Stats. sec. 1521.   But it is not necessary that the terms of the agreement shall all be contained on one piece of paper.   The memorandum may consist of several writings ; and so, the contract which the parties have made, may be gathered from letters which have passed in correspondence between them.   *Beckwith v. Talbot*, 2 Colo. 639 ; *S. C.* 95 U. S. 289 ; Browne on Statute of Frauds, § 346*b*. Referring to the correspondence before us, we find that the defendant proposed to sell wheat to the plaintiff at seventy-six and one half cents per bushel, delivered at Weatherford, Texas ; that the offer was accepted, and that the plaintiff ordered, and the defendant agreed to ship 3,000 bushels on those terms, during the week of October 20, 1896.   Here was a complete contract.   It was definite as to the number of bushels sold, the price to be paid, and the time of delivery. It is difficult to see how there could have been a more complete compliance with the demands of the statute.

Defendant's counsel, in support of their contention that the letters and telegrams before us do not constitute a sufficient memorandum of a contract, refer us to the case of *Ellis v. R. R. Co.*, 7 Colo. App. 350 ; but it requires only a superficial comparison of the writing considered in that case, with the contract before us, to see the fundamental difference between the two.   The following was the comment of the court upon that memorandum: " There was no agreement to supply a certain definite thing, or a certain number of articles of a particular description of the various sorts specified ; nor did the railroad company agree to accept specific articles of a given number or quantity."   The contract before us is open to no such criticism.

The claim that, to enable the plaintiff to maintain his suit, it should have first tendered to the defendant the purchase price of the grain, and that to make the complaint good, it

should have averred such tender, is equally untenable. The mode and time of payment were fixed by the contract. It was the duty of the defendant to ship the wheat; and, having done so, he was authorized to draw on the plaintiff for the amount due. His contract gave him no right to demand payment in advance; and it is evident from his letter of November 9, that even if the money had been tendered, the wheat would not have been delivered. No tender was necessary to fix the defendant's liability.

The complaint, after setting forth the contract, and its breach, concluded as follows : " That thereby plaintiff has been deprived of divers great gains and profits which otherwise would have accrued to it from the delivery of the said wheat to it as aforesaid, and has sustained damage to the amount of $900." Now it is said that the facts out of which the damage arose should have been specifically stated. The complaint makes the damage consist in the loss of the profits which the plaintiff would have derived if the contract had been performed. These profits would have been the excess in value of the wheat where it was to have been delivered, and at the time it should have been delivered, over the price agreed to be paid for it; and while greater particularity of statement might be desirable, the meaning of the allegation is not open to question. It advised the defendant that the plaintiff proposed to prove that if these 3,000 bushels of wheat had been delivered in accordance with the agreement, there could have been realized for the shipment $900 more than the contract price. The plaintiff might have stated what the market value was at the agreed time and place of delivery, and perhaps to have done so would have been more finished pleading ; but the allegation as we have it, could have been satisfied only by proof of that value, and was good as against a general demurrer on this motion to exclude evidence.

It was error to forestall a trial, and the judgment must be reversed.

*Reversed.*