[No. 4981.]

[No. 2480 C. A.]

FELKER, TRUSTEE IN BANKRUPTCY OF THE W. D. SMITH CYCLE COMPANY, v. SULLIVAN.

1. Corporations—Bankruptcy—Liability of Stockholders—Corporation Indebtedness—Burden of Proof.

Where defendant purchased capital stock of the corporation at an agreed price, less than par value, which was paid and the stock issued to him, and it was agreed by the corporation that he should never be called upon for any other or further sum than the price paid, and the corporation afterwards became bankrupt, if the trustee in bankruptcy could recover of defendant, on account of the difference between the par value of said stock and the price paid, he could only recover a sum sufficient to discharge the indebtedness of the corporation, and in such action by the trustee it was incumbent on plaintiff to show the amount required to discharge the obligation of defendant.

*Error to the District Court of Arapahoe County: Hon. P. L. Palmer, Judge.*

The complaint in this action alleges that The W. D. Smith Cycle Company was a corporation capitalized with five hundred thousand dollars, represented by five hundred thousand shares of the par value of one dollar each; that in 1899 the corporation was declared bankrupt and plaintiff was appointed trustee in bankruptcy; that he duly sold all of the property of the bankrupt corporation except the claims against the stockholders for the amounts unpaid on the stock held by them; that the sale was approved; that the amount realized from the sale of the property was wholly insufficient to pay the debts of the bankrupt; and that on, to wit:

"The 24th day of June, 1899, this plaintiff as such trustee in bankruptcy duly filed in the said district court of the United States in and for the district of Colorado, that being the court having jurisdiction of the bankruptcy proceedings against said corpora-

tion, his petition setting forth the proceedings theretofore had in relation to the bankrupt estate, the amount of debts and claims filed and allowed against said bankrupt and the funds in his hands available for the payment of the same, and praying for an order of court making a call and assessment upon all of the stockholders of the said bankrupt corporation who were holders of unpaid stock therein, for the purpose of raising money to pay the debts of said bankrupt corporation; and thereupon an order was duly made and entered in said bankruptcy proceedings, of which order the following is a copy:

" 'This matter coming on to be heard this day, upon the petition of W. B. Felker, Jr., trustee in bankruptcy herein, praying for an order directing a call or assessment upon the stock and stockholders in the bankrupt company, and it appearing to the court that a necessity exists therefor, and that all the property of the bankrupt has been sold and that the amount of money in the hands of the said trustee will not be sufficient to pay the debts of the said bankrupt, and that no means exist for paying said debts except the sums remaining unpaid by the stockholders in said bankrupt company for balance remaining unpaid on their stock, it is

" 'Ordered, that a call or assessment be and the same is hereby made upon the stock and stockholders of the said bankrupt company, excepting those who have paid in full therefor, their legal heirs, representatives and assigns, of seventy-five per cent. of the par value of the shares of said stock held by them; but crediting each stockholder in said company with the amount paid said company on his said stock; the same to be due and payable at once to W. B. Felker, Jr., trustee herein, at Denver, Colorado, and that the said trustee be and he hereby is authorized at once to proceed to collect said call and assessment and

make all necessary demands for such payments, and if any stockholder shall fail or refuse to pay said assessment or call within twenty days after personal demand therefor shall be made on him by said trustee, or within thirty days after a written or printed demand has been deposited in the post office, properly addressed to the post office address of such stockholder, the said trustee may employ such assistance and counsel and take such action and institute such suits and proceedings in such courts as he shall be advised or deem expedient and proper for the purpose of enforcing the payment of said call and assessment.' ''

That defendant on the 11th day of January, 1898, subscribed for and purchased directly from the bankrupt corporation ten thousand shares of the then unissued capital stock, and paid therefor the sum of twenty-five cents per share, and no more; that he has paid nothing more on account of said stock, and that he is still the owner and holder of said ten thousand shares upon which seventy-five cents per share is unpaid. That pursuant to the authority contained in the foregoing order plaintiff, on the 3d day of July, 1899, duly demanded of the defendant payment of the sum of five thousand dollars, being the amount due from the defendant to the plaintiff by virtue of the said call and assessment; that defendant failed to pay said call, and plaintiff asks judgment for the five thousand dollars.

Defendant answered, admitting the corporation; that it was adjudged bankrupt, and that plaintiff was appointed trustee; admits the sale of the property of the bankrupt by the trustee; admits that the amount realized from the sale of the property was insufficient to pay the debts of the bankrupt, and that the order as set forth in the complaint was duly made

by the district court, but avers that it was afterwards modified to read as follows:

"Ordered, that the aforesaid order, made and entered on the 24th day of June, 1899, be modified and amended by adding thereto as follows: Providing that this order shall not preclude the stockholder against whom an assessment has been made from setting up the defense that he is not indebted to the said trustee as representative of the creditors of the said bankrupt, or otherwise."

Defendant denies that he subscribed for ten thousand or any other number of shares of the unissued capital stock, but alleges that he purchased from the bankrupt corporation ten thousand shares of this stock at the agreed price of twenty-five cents per share, which he paid, and that the stock was issued to him; that it was agreed by and between the company and defendant that the defendant should not be called upon for any other further or greater sum per share than twenty-five cents. Defendant admits the making of the demand by plaintiff and that he has not paid the call or assessment ordered by the United States district court.

By his replication plaintiff denies the making of the contract as alleged in defendant's answer.

The cause was duly tried, and it was shown in the making of plaintiff's case that the contract was made between defendant and the corporation substantially as alleged in the answer; that the order of the district court was made as alleged in the complaint, and that defendant failed to pay the call.

It is not claimed by plaintiff that he either alleged or proved the amount of the indebtedness of the corporation. At the close of plaintiff's case defendant moved for a nonsuit for the following reasons:

"First, because the complaint does not state facts sufficient to constitute a cause of action.

"Second, under the pleadings and testimony in this case the plaintiff should not have judgment against the defendant.

"Third, by the pleadings and evidence it appears that the plaintiff cannot maintain this suit against the defendant."

Mr. W. L. DAYTON and Mr. JAMES H. PERSHING, for plaintiff in error.

Mr. CLINTON REED, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court.

It will be observed that the order of the federal court does not assume to set aside the contract between the corporation and the defendant; neither does it find the amount of the indebtedness for the payment of which recovery must be had upon this trust fund.

The complaint in this action does not allege the amount of the indebtedness, and the amount was not proven. It is incumbent upon the trustee in bankruptcy in a case like this to show the amount which was actually required to discharge the obligations of the delinquent stockholder to the corporation creditors, because the stockholder does not owe the corporation any money, and he is only indebted to the trustee in bankruptcy, if at all, which we do not decide, in a sum sufficient to discharge the obligations of the corporation. Until the amount of these obligations is determined no judgment could be rendered against the stockholder.

In Scovill v. Thayer, 105 U. S. 143, the proceedings were substantially as they are herein. A contract similar to the one involved here was made between the corporation and the stockholders. The

court, speaking through Mr. Justice Woods, announced the following doctrine:

"The doctrine of this court is, that such a contract, though binding on the company, is a fraud in law on its creditors, which they can set aside; that when their rights intervene and their claims are to be satisfied, the stockholders can be required to pay their stock in full.

"The reason is, that the stock subscribed is considered in equity as a trust fund for the payment of creditors. It is so held out to the public, who have no means of knowing the private contracts made between the corporation and its stockholders. The creditor has, therefore, the right to presume that the stock subscribed has been or will be paid up, and if it is not a court of equity will at his instance require it to be paid.

"In this case, the managers and agents of the bankrupt company had in effect represented to the public that all its capital stock had been subscribed for, and had been or would be paid in full. Considered, therefore, in the view of a court of equity, the contract between the company and its stockholders was this, namely, that the stockholders should pay, say, for example, twenty dollars per share on their stock and no more, unless it became necessary to pay more to satisfy the creditors of the company, and when the necessity arose and the amount required was ascertained, then to make such additional payment on the stock as the satisfaction of the claims of creditors required.

"When the company was adjudicated a bankrupt the assignees were bound by this contract, thus equitably construed. Their duty was to collect a sufficient sum upon the unpaid stock which, with the other assets of the company, would be sufficient to satisfy the company's creditors. They were author-

ized to collect no more. If it should turn out that the other assets were sufficient, no action would lie against the stockholder for the balance due on his stock. For if in a bankruptcy proceeding any surplus remained after payment of debts, it would go to the company and not to the stockholders. And we have seen that the company in this case would have no right to any surplus.   *   *   *

"In this case there was no obligation resting on the stockholder to pay at all until some authorized demand in behalf of the creditors was made for payment. The defendant owed the creditors nothing, and he owed the company nothing save such unpaid portions of his stock as might be necessary to satisfy the claims of the creditors. Upon the bankruptcy of the company his obligation was to pay to the assignees, upon demand, such an amount upon his unpaid stock as would be sufficient, with the other assets of the company, to pay its debts. He was under no obligation to pay any more, and he was under no obligation to pay anything until the amount necessary for him to pay was at least approximately ascertained. Until then his obligation to pay did not become complete.

"But not only was it necessary that the amount required to satisfy creditors should be ascertained, but that the agreement between the company and the stockholder to the effect that the latter should not be required to make any further payments on his stock should be set aside as in fraud of creditors. No action at law would lie to recover the unpaid balance due on the stock until this was done."

We consider the foregoing to be the law of this case. The judgment of the district court must therefore be affirmed.           *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.