JOHNSON *v.* HOUSE, RECEIVER PLANTERS FIRE INSURANCE COMPANY.

Opinion delivered November 19, 1917.

1. INSURANCE COMPANIES—INSOLVENCY—MUTUAL COMPANY—PREMIUM NOTES.—The insolvency of a mutual insurance company before the expiration of its policies, is no defense to actions on premium notes, and in such cases the receiver of the insurance company may recover from a policy holder the full amount of an unpaid premium note given for insurance.

2. INSURANCE COMPANIES—INSOLVENCY—PAST DUE PREMIUM NOTES. The receiver of an insolvent mutual insurance company, may collect past due notes from policy holders given for premiums; such premium notes are assets for the payment of debts.

Appeal from Craighead Circuit Court, Jonesboro District; *R. H. Dudley,* Judge; affirmed.

*H. M. Mayes,* for appellant.

1. It was error to direct a verdict. All issues of fact should be submitted to a jury. Kirby's Digest, § § 4382, 6170.

2. Plaintiff did not comply with Act No. 192, Acts 1905, p. 489. 51 Ark. 446.

3. The premium notes were more than six months past due. The contract should be construed most strongly against the party who prepares it. 4 Crawford's Digest, p. 412, § 31, Acts 1905, p. 489.

121 Ark. 236 is a different case and does not apply. The case should have been dismissed; at most it should have been submitted to a jury.

4. The bond was an asset of the company and the company was not insolvent.

*Roy Penix* and *J. W. House, Jr.,* for appellee.

1. The notes were valid obligations and not void because past due. 51 Ark. 441; 74 *Id.* 506.

2.   Act 192, Acts 1905, was complied with.   97 Ark. 251.   See also, 121 Ark. 236.   It is presumed the auditor did his duty.   25 Ark. 311; 30 *Id.* 69; 96 *Id.* 477; 98 *Id.* 30; 81 *Id.* 1; 50 *Id.* 266.

3.   The company was insolvent.

4.   There was nothing for a jury to pass upon.   98 Ark. 370; 74 Minn. 208.

HART, J.   Eighty or more separate actions were filed by J. W. House, Jr., receiver for the Planters Fire Insurance Company against W. T. Johnson et al., upon notes given by them for premiums for policies of fire insurance.   The cases originated in a justice of the peace court, where judgment was rendered against each of the defendants and the cases were appealed to the circuit court.   There all the cases were consolidated and tried together.

The Planters Fire Insurance Company was a domestic corporation engaged in the business of insuring property against fire.   It was a mutual insurance company doing business in the State of Arkansas.   It was adjudged insolvent in March, 1915, and J. W. House, Jr., was appointed as receiver to take charge of its assets and wind up its business.   Its outstanding obligations were largely caused by fire losses and its principal assets consisted of premium notes.   It became insolvent before the expiration of the policies for which the premium notes were given.

The court directed the jury to return a verdict for the plaintiff and the defendants have appealed.

(1)   In the case of *House, Receiver* v. *Siegle,* 121 Ark. 236, it was held that the insolvency of a mutual insurance company before the expiration of its policies is no defense to actions on premium notes and that in such cases the receiver of the insurance company may recover from a policy holder the full amount of an unpaid premium note given for insurance.   The reason is that companies organized upon the mutual plan have no capital stock.   Cash paid for premiums and the premium notes constitute their assets and the members are

in a way stockholders. Hence so long as the company has outstanding debts its insolvency gives no right to a policy holder to recover a premium paid or to avoid the payment of a premium note.

Counsel for the defendants seek to avoid the effect of this decision by contending that the company has not complied with an act to regulate fire insurance companies approved April 24, 1905. See Acts of 1905, p. 489.

The company was duly organized under the laws of this State and filed its bond in compliance with the statutes thereof. The articles of incorporation, the amendments thereto, the by-laws of the company and the order adjudging the company insolvent and the appointment of the receiver were introduced in evidence. It was also shown that the receiver was directed by the court to bring suit on these premium notes for the purpose of paying claims for losses which had been filed and established against the company. It is claimed that the bond given under this act is an asset of the company and when so considered shows that the company was not insolvent. This court has decided adversely to this contention. In *Forte* v. *Chamberlin,* 93 Ark. 112, the court held that while a receiver of an insolvent mutual insurance company is authorized to enforce the rights of the corporation, he is not entitled to sue the sureties of such company upon the indemnity bond given under the Act of April 24, 1905. The reason is that the liabilities of the sureties on this bond are purely collateral and are in no sense an asset of the corporation.

(2) Again it is contended that the premium notes sued on were six months or more past due and for that reason under our statutes could not be considered an asset of the company. To sustain their contention counsel rely on section 8 of the Act of April 24, 1905, above referred to. The section reads as follows:

"The State Auditor shall not consider any past due promissory note as an asset of the company unless the unearned premium on the policy, for which it is given, is considered a liability. No promissory note that is six

months or more past due shall be considered an asset of the company.''

That act gives the Auditor of State complete supervision over the affairs of the company and grants him authority to examine the books and papers and also the officers of the company as to its condition and management. The section which we have just copied provides that no promissory note that is six months or more past due shall be considered by him an asset of the company. This has no application where insolvency proceedings have been instituted and a receiver has been appointed to wind up the affairs of the company. In such cases according to the authorities above cited the premium notes are assets for the purpose of paying the debts of the company. The section of the statute referred to merely provides that when the auditor is making an examination of the affairs of the company to determine its condition these notes shall not be considered as assets.

It follows that the judgment must be affirmed.