**AMERICAN SURETY CO. OF NEW YORK v. CALCASIEU OIL CO. et al.**

No. 457.

District Court, W. D. Louisiana, Lake Charles Division.

Feb. 10, 1932.

Denegre, Leovy & Chaffe, of New Orleans, La., for complainant.

Leslie P. Beard, of New Orleans, La., Lewis & Lewis, of Opelousas, La., and Ped C. Kay, of De Ridder, La., for respondents.

DAWKINS, District Judge.

Complainant filed this bill of interpleader under the provisions of the Act of Congress of May 8, 1926, 28 USCA § 41 (26), alleging that it is the surety upon a bond of indemnity given by the Security Indemnity Insurance Company, in favor of the Governor of the state, conditioned that the principal "shall make prompt payment of all claims arising and accruing to any person during the term of said bond, by virtue of any policy issued by it upon the life or person of any citizen of the United States, or upon any property situated in said state, whenever such payment may become due, and shall faithfully comply with and perform all and singular the duties and obligations imposed upon it, under and by reason of the provisions of an Act of the General Assembly of the State of Louisiana, approved July 3,

1908, Act 172. * * * " The bill recites that numerous suits have been filed and are threatened against complainant by persons, some of whom are residents and citizens of different states, that the liability for which it is responsible exceeds the amount of the statutory bond of $20,000 and for which reason it tenders and pays into this court said sum, citing all persons known to be protected thereby, or having claims thereon, to appear and assert their rights under said bond. It prays that all persons claiming thereunder be enjoined from further proceeding in any other court; that complainant, by virtue of said deposit, be released from any further liability, and that it be allowed a reasonable attorney's fee, costs, etc., as provided in said Act of Congress of May 8, 1926.

Among the parties made defendant are Miller & King, Inc., who have appeared and filed a motion suggesting that the Security Union Insurance Company, a corporation, and its property, were, at the time of the filing of the present bill, in the hands of receivers appointed by the state courts of Texas and Louisiana, and that the Louisiana receiver is a necessary party to this proceeding. Accordingly, a rule upon the complainant and the receiver was issued, directing them to show cause why the said receiver should not be made party as suggested.

This action is vigorously opposed both by the complainant and certain of the defendants as creditors claiming rights under the said bond, and against the funds deposited in this court.

Two questions appear to be involved: (1) Is the receiver of the state court an indispensable party, and, if so, (2) has the court any power under the procedure adopted to compel his appearance? These questions will be answered in reverse order.

1. A complainant is entitled to sue any one he may choose, and the court has no authority to make others parties defendant without his consent. Of course it may find that there are necessary and indispensable parties who have not been brought in, but in that event the proper method is for one so sued to suggest to the court such absence, or the court may notice the same of its own motion. Thereupon it will direct the plaintiff to amend and make them parties, on penalty of dismissal of the suit. However, except in cases of warranty or similar relations, a defendant has no right to bring others into the litigation. I conclude, therefore, that, if I should find the position of the mover well taken, all that could be done would be to require amendment, bringing in the receiver, or that the bill be dismissed.

2. As to the second question, I do not see that the receiver of the state court is either an indispensable or necessary party. The bond given by complainant, as will appear from the language above quoted, was for the protection of creditors of the insurance company, arising out of transactions in this state, and nowhere else. It is in no sense an asset of the Security Union Indemnity Company, principal in that bond. On the contrary, it is an obligation requiring the complainant to make good the liability of the said insurance company to the extent of its face value. See Forte v. Chamberlin, 93 Ark. 112, 124 S. W. 234; Johnson v. House, 131 Ark. 113, 198 S. W. 876. It is true that the receiver may have an interest in seeing that the demands of those asserting claims against the bond shall be clearly established, to the end of holding to a minimum the liability of the corporation which he represents as receiver to the surety on the bond arising from payments to its creditors; but, in my judgment this does not make him an indispensable party. I see no reason why he may not intervene if he sees fit. Equity Rule 37, Hughes Federal Practice, vol. 7, p. 140.

The parties named and cited as defendants in the present bill can appear and prove their claims, and this court can pay out and distribute the fund. If insufficient to pay in full, those claims may be discharged pro tanto, all as contemplated by the Act of Congress. Of course, if the complainant has failed to include all those having any rights against the bond, then this is a chance which it takes in pursuing this method of discharging its liability, and it will have to meet those claims as they arise.

For the reasons assigned, the motion and rule will be dismissed at the cost of Miller & King, Inc. Proper decree should be presented.