## No. 13,886.

Massachusetts Bonding and Insurance Company *v.*
Board of County Commissioners of Adams County.
(68 P. [2d] 555)

Decided April 19, 1937.   Rehearing denied May 24, 1937.

Mr. William E. Hutton, Mr. J. P. Nordland, for plaintiff in error.

Mr. William W. Gaunt, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

This was an action brought by the board of county commissioners of Adams county, defendant in error, against the Massachusetts Bonding and Insurance Company, plaintiff in error, defendant below, to recover on a fidelity bond. Judgment was in favor of the county in the trial court and the Bonding Company prosecutes error.

The facts are substantially as follows: On April 6, 1923, Ben Shearston, the then county treasurer of Adams county, appointed Harvey Shearston, as deputy county treasurer and he occupied that position until January 27, 1934.

The bond involved (hereinafter identified as Exhibit A) was in words and figures as follows:

"Know all men by these presents, That we, Harvey W. Shearston as principal, and Massachusetts Bonding and Insurance Company as surety, are held and firmly bound unto the Treasurer of Adams County, Colo., in the penal sum of three thousand dollars lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, and administrators, jointly, severally, firmly by these presents.

"Sealed with our seals, and dated this 6th day of April, A. D. 1923.

"The condition of the above obligation is such, that whereas, the above bounden Harvey W. Shearston was appointed to the office of deputy county treasurer and deputy public trustee in and for Adams county on the 6th day of April, A. D. 1923.

"Now, therefore, The condition of this obligation is such, that if the said Harvey W. Shearston shall well and faithfully execute the duties of his said office, and perform all and every act and duty enjoined on him by law, by virtue of said office, without fraud, deceit, or oppression, and pay over all moneys that may come into his

hands, by virtue of said office, to the person or persons entitled to receive the same, and deliver to his successor in said office all books, papers and other things pertaining to the same, as may be required by law, then the above obligation shall be void, otherwise to be and remain in full force and effect.

"Harvey Shearston    (Seal)
"Massachusetts Bonding &
 Insurance Company  (Seal)
  John F. Lueders   (Seal)
  Attorney-in-Fact"

The premiums on this bond amounting to $15 a year were paid regularly each year and statements were issued by the Daly Agency of Denver as agent of the Bonding Company.

Beginning in June, 1928, and continuing until February, 1933, Harvey Shearston embezzled from the county treasurer's office the total sum of $29,488.37. These defalcations averaged over $3000 a year, from 1928 to 1933, inclusive, and the lower court allowed the maximum penalty of the bond of $3000 to be recovered for each of the five years, making a total of $15,000.

For the purpose of argument, the Bonding Company groups its assignments of error into the following points: (1) That it was surety on only one continuing bond and its maximum liability for the entire period involved was $3000. (2) Assuming that the bond or contract sued upon in each of the causes of action of the complaint is a new, separate and distinct obligation, it is void and unenforceable under the statute of frauds. (3) Assuming that any new, enforceable bonds separate and distinct from the bond referred to as Exhibit A, were entered into, each of the bonds was for a two-year period. (4) Assuming that each of the bonds declared upon in the first, second, third and fourth causes of action in the complaint was a new and separate obligation, recovery thereon is barred by the statute of limitations.

In considering the first point we are of the opin-

ion that the bond in question was not that contended for by the company. The relationship here falls within the general rule as announced in section 16, 25 C. J. 1109, to the effect that "a renewal of a fidelity policy or bond constitutes a separate and distinct contract, for the period of time covered by such renewal, unless it appears to be the intention of the parties, as evidenced by the provisions thereof, that such policy or bond and the renewal thereof shall constitute one continuous contract."

It is true that there are certain exceptions to this general doctrine, but nothing in this case would justify us in taking it from under the operation of the rule above announced.

As to the statute of frauds, viz., second provision of section 12, c. 71, vol. 3, p. 366, '35 C. S. A., we say it was not violated. The memorandum which that statute requires was sufficient here. Each year the company sent notices of the premium due, identifying the contract, the dates between which the premium operated making the contract effective and subscribed to by an agent whose authority was not questioned. *Beckwith v. Talbot*, 2 Colo. 639; *Crystal Palace Flouring Co. v. Butterfield*, 15 Colo. App. 246, 61 Pac. 479.

Counsel for the Bonding Company cite no cases supporting their contention that if there were new contracts they were for two-year periods instead of one. There is no merit in this contention and the trial court properly found that the contracts were for each year.

Finally, the Bonding Company urges that no part of the losses prior to 1932 may be recovered, because barred by the three-year statute of limitations, section 6, c. 102, vol. 3, p. 1480, '35 C. S. A. This contention likewise has no merit, because the statute may not be invoked against the state, and even though the state as such was not a party to this action, it is unquestionably true that a considerable part of the money stolen belonged to the state. 37 C. J. 711. *Dietemann v. People*, 76 Colo. 378, 232 Pac. 676.

Should it be urged that the exemption does not apply to the county, the statute is still unavailing to the Bonding Company, because none of the causes of action accrued until the defalcations became known, which was in January, 1934, and this action was filed in plenty of time. *Clelland v. McCumber,* 15 Colo. 355, 25 Pac. 700.

Our conclusion is that the trial court did not err in rendering a judgment in favor of the county and the judgment is accordingly affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.