## No. 19,513.

B. GILBERT ARONOFF, ET AL. *v.* BERNARD B. CARRAHER, RECEIVER, ETC.

(361 P. [2d] 354)

Decided April 17, 1961.   Rehearing denied May 8, 1961.

Mr. BRUCE OWNBEY, Mr. JOHN J. GIBBONS, for plaintiffs in error.

Mr. CHARLES D. BROMLEY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THIS cause is presented here on a record which consolidates certain actions in the district court of the City and County of Denver. The actions were brought by Bernard B. Carraher as ancillary receiver of the Pioneer Mutual Compensation Company, a corporation, against more than one hundred named defendants. Another action was brought by Aronoff and Eastis on behalf of themselves and all others similarly situated against the above named corporation and said receiver. The numerous defendants in the actions brought by the receiver, and the plaintiffs in the action brought by Aronoff et al., are represented by the same lawyers, and they all seek the same relief. Their purpose is to halt the efforts of the receiver to collect the amount of assessments levied upon them as former policyholders in Pioneer Mutual Compensation Company. They will be referred to as Aronoff et al.

The background for this controversy is fully set forth in the opinion of this court in *Aronoff et al. v. Pioneer Mutual, et al.,* 134 Colo. 395, 304 P. (2d) 1083. Because some of the arguments now presented have already been determined by the opinion in that case, we do not con-

sider them here. Nor shall we again set forth the pertinent facts fully stated in the former opinion, which conclusively resolved all matters litigated in that action and is res adjudicata as to all matters which could have been adjudicated by the active participants therein. *Hoshour et al. v. Apodaca,* 136 Colo. 320, 316 P. (2d) 1054.

*Aronoff et al. v. Pioneer Mutual Compensation Company, et al.,* supra, was a class action and as such the final determination thereof could not be res adjudicata as to unnamed policyholders who were not similarly situated with relation to the parties who purported to represent the class. One of the purposes of the instant action is to resolve issues raised by policyholders who assert that for various reasons they were not included within the class action previously determined. The contention is that some of the parties to this action were minors when the policies held by them were issued; that some were entitled to a set-off against the assessment claim made by the receiver; that payment or partial payment had been made, and that some of the claims were barred by the statute of limitations, etc.

As already stated, we give no consideration to those matters which were finally determined in the former opinion.

### Questions to be Determined.

First. *Is any statute of limitations available to these litigants as a defense to the claim of the receiver?*

This question is answered in the negative. It is admitted that the receiver brought action against all the policyholders within six years from the date the assessment was made. C.R.S. '53, 87-1-11, provides:

"The following actions shall be commenced within six years after the cause of actions shall accrue, and not afterwards:

"(1) All actions of debt founded upon any contract or liability in action.

\* \* \*

"(4) All actions of assumpsit, or on the case founded

on any contract or liability, express or implied. * * *"

The former opinion, above referred to, contains the following:

"The policies issued by the company to plaintiffs and other policyholders created a contractual contingent liability applicable to each member. Policyholders in a mutual company are members. To the extent of the contingent liability provided for in the contract each member became an insurer as well as an insured. * * * The contingent liability is a contractual fixed obligation. * * *"

In *Sweet et al. v. Barnard,* 66 Colo. 526, 182 Pac. 22, it was held that an action for assumpsit was "not subject to the three- or five-year statute, but, at common law, must have been assumpsit (*Pullman v. Upton,* 96 U.W. 328), or perhaps, debt, in either case subject to the six-year limitation; * * *." It was further held in that case that:

"* * * The cause of action arose when the assessment was made and the statute began to run then. *Felker v. Sullivan,* 34 Colo. 212, 218; *Scovil v. Thayer,* 105 U.S. 143; *McDonald v. Thompson,* 184 U.S. 71, 76; *Hawkins v. Glenn,* 131 U.S. 319, 333."

■ We hold that the six-year statute is applicable to the facts here present and it did not begin to run until the assessment was made.

Second. *Where the receiver of a mutual insurance company is under an obligation to collect from policyholders "an amount equal to one year's premium on all policies" in force during the assessable period, and more than one policy covered a single vehicle during said period, either in the form of a renewal certificate or as a new policy issued upon expiration of pre-existing policy, each of the policies providing protection during some portion of the assessable year; is the receiver obligated to enforce the assessment against each of said policies notwithstanding that the successive policies covered the same vehicle?*

■ This question is answered in the affirmative. The stipulated facts giving rise to the question are as follows: Policies were sometimes issued on an annual basis extending, for example, from July 1, 1952, to July 1, 1953, which, falling within the assessable period were assessed in the amount of one annual premium. Upon the expiration date a new policy was issued for the period July 1, 1953, to July 1, 1954, which period also fell within the time subject to assessment. The second policy was sometimes in the form of a separately numbered policy and sometimes in the form of a renewal certificate.

With respect to the renewal certificate, a copy of which is set forth, an examination will disclose that it contains all of the policy coverage provisions existing where differently numbered policies are issued. It contains the name of the insured; it sets forth the policy period; it describes the property insured and sets forth a statement of the risks such property is insured against. It includes a statement of the amount of the premium charged and incorporates all of the provisions of the policy as originally issued.

■ It is quite clear therefore that as a policy it constitutes a contract creating rights and imposing obligations and is just as much a new contract as if issued on a form carrying a different number than the original policy. In fact, the only distinction between re-insurance by a separate numbered policy or by a renewal certificate is that the number in the one case is the same and in the other is different.

We note that where the second policy period is covered by a renewal certificate, an examination of the original numbered policy discloses that it covers only a stated policy period, such as from July 1, 1952, to July 1, 1953. The company policies contain no provision obligating the company to insure for any period beyond that specified in the policy itself. Condition 8 of the policy definitely states that it covers only liability aris-

ing "during the policy period," containing no provision giving the policyholder a right to renew for any additional period. It is quite evident that if a new policy or renewal certificate was issued it constituted a wholly new policy requiring a new agreement.

A statement of the Rule is contained in 44 C.J.S. — Insurance — Section 283, as follows:

"A renewal agreement whereby a contract of insurance may be continued in force after its expiration, is in itself a contract of insurance. It has been generally held that a renewal is in effect a new contract of insurance, for the period of time covered by such renewal, at least in the sense that it is subject to the laws in force at the time it is effected, and at least where there is no provision in the original policy for its renewal. * * *"

The following authorities are only a few of the many which might be cited where the above general rule has been applied under circumstances comparable to those involved in the instant action: *Massachusetts Bonding & Insurance Co. v. Board of County Commissioners,* 100 Colo. 398, 68 P. (2d) 555; *Maryland Casualty Co. v. First National Bank,* 246 F. 892; *Schock v. Penn. Tp. Mut. Fire Ins. Assn.,* 148 Pa. S. 81, 24 Atl. (2d) 738; *Great American Indemnity Co. v. State,* Tex. Civ. App. 229 S.W. (2d) 850.

Third. *Where a notice of assessment is sent to a policyholder of a mutual insurance company and the demand is mistakenly made for a lesser amount than that for which the policyholder is actually liable under the law, and where the policyholder pays the sum set forth in the notice and marks the draft therefor "full payment"; does the payment of the lesser sum release him from liability for payment of the actual amount due?*

This question is answered in the negative. The receiver is an officer of the court and was obligated to make assessments according to the formula provided by statute. No mistake of the receiver or any of his agents

in computing the amount actually due could operate to relieve the policyholder from the liability fixed upon him by the statute.

Fourth. *Where a receiver of a mutual insurance company proceeds by court action to enforce collection of an assessment on policyholders; and where some of the latter have claims against the company; can such claimants set off the amount of their claims against the assessment levied against them?*

This question is answered in the negative. To reach any other conclusion would be to prefer one claimant over another. All persons having claims must be treated equally, and the fact that an individual claimant happens to be a policyholder does not entitle him to a preference. *In re Wisconsin Mutual Insurance Co.*, 247 Wis. 485, 19 N.W. (2d) 889; *Johnson, et al. v. House*, 131 Ark. 113, 198 S.W. 876.

We find no merit to the contention of counsel that under the record before us those persons who were minors "at the time of the issuance of the policy of insurance" should be granted some relief. The record is silent as to whether any such person repudiated the contract upon attaining his majority, or otherwise preserved any right he may have had as such minor. A defense predicated upon the minority of a defendant is an affirmative defense and must be alleged by answer. No such allegation is relied upon in any pleading filed on behalf of any particular defendant.

The judgment is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE DOYLE concur.