470 P.2d 931 (1970)
WESTERN ENTERPRISES, INC., a Colorado Corporation, Plaintiff in Error,
v.
ROBO-SALES, INC., a Missouri Corporation, Defendant in Error.
No. 70-065. (Supreme Court No. 23071.)
Colorado Court of Appeals, Div. I.
March 31, 1970.
*932 Benjamin R. Loye, Loye & Bangert, Wheatridge, for plaintiff in error.
Robert W. Smedley, Littleton, for defendant in error.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Plaintiff in error was plaintiff below. The parties will be referred to as Western and Robo.
The parties executed a contract in Kansas City, Missouri, wherein Western agreed to buy and install within six months a minimum of six ROBO-WASH Automatic Car Wash units from Robo. Western also was granted the exclusive right to operate ROBO-WASH units in Denver. The locations for installation of the units were to be determined later.
The terms of the contract pertinent here are:
"4. Buyer shall pay to Seller upon execution of this Agreement the sum of $3,000.00, receipt of which is hereby acknowledged, which sum is a down payment of $500.00 on each of the aforesaid units, and the balance of payment for each unit shall be paid by Buyer upon delivery of each unit. If the Buyer fails to take delivery of a unit or units initially ordered * * * Buyer shall thereby forfeit his deposit and his right to the exclusive operation of ROBO-WASH * * * facilities in [Denver]." (Emphasis added)
"19. The interpretation and construction of this agreement wherever it is made and executed and wherever it is to be performed, shall be construed according to the laws of the State of Missouri."
Western failed to secure any locations for the operation of the units and failed to acquire the needed financing of $10,500.00 for the purchase of each unit. About six weeks before the end of the six month period Western notified Robo that it could not perform, relinquished its exclusive franchise and requested return of its $3,000.00 deposit. Robo advised Western that Robo was still ready and willing to carry out its part of the contract, offered to consider an extension of the term if requested by Western and refused to pay back the deposit.
Western thereupon brought this action to recover the deposit, alleging that Robo was unjustly enriched. At the trial Western based its right to recover on the theory that the clause, "* * * Buyer shall thereby forfeit his deposit * * *", constituted a penalty and was void. The trial court determined that it was the intent of the parties that the $3,000.00 was to be considered as liquidated damages and dismissed the action. Western asserts error in the ruling.
In the trial court both parties ignored paragraph 19, quoted above, and the fact that the contract was executed in Missouri. However, each of these factors requires us to look to the law of Missouri to determine the issue. Questions relating to the construction, validity and effect of contracts are controlled and determined by the law of the place where they are made. Des Moines Life Ass'n of Des Moines, *933 Iowa v. Owen, 10 Colo.App. 131, 50 P. 210; Gossard v. Gossard, 10 Cir., 149 F.2d 111.
The Missouri law appears to be well settled that clauses providing for forfeiture of a down payment or earnest money upon breach by the party making the deposit are valid.
In Massey v. Butts, 204 Mo.App. 55, 221 S.W. 153, a buyer made a deposit of $1,000.00 on a total price of $19,000.00. Later he repudiated the contract and refused to perform. The seller was not in default. The court held that the buyer forfeited his deposit, stating, (at 157)
"* * * by such repudiation and refusal to perform [the buyer] forfeited his right to the return of the earnest money, under the clause of the contract providing that if the sale be not closed within the time specified, `owing to the failure or neglect of the purchaser to comply with the terms' `of the contract' `the earnest money is to be forfeited to the seller.'"
In the case of In re First National Bank of Adrian, 207 Mo.App. 115, 230 S.W. 358, the contract provided, "if * * * the seller has kept his part of the contract, and said buyer fail[s] to comply with its requirements on his part, then the aforesaid deposit * * * shall be forfeited." The buyer breached the contract, with no default by the seller, and the court awarded the deposit to the seller in accordance with the provision of the contract.
Western admits that it breached the contract and it is clear that Robo did not. Therefore, under Missouri law, Robo is entitled to retain the deposit. Under the circumstances of the instant case Colorado is in accord with the Missouri law. American Mortgage Co. v. Logan, 90 Colo. 157, 163, 7 P.2d 953, 956, states
"Equity, it is true, abhors a forfeiture and in a proper case will relieve against one. But the general rule is that a vendee is not entitled to relief against a forfeiture where he makes no attempt to fulfill his part of the contract, and where his default was not caused by fraud, ignorance not willful, surprise, accident, or mistake."
The judgment is affirmed.
ENOCH and PIERCE, JJ., concur.