490 P.2d 700 (1971)
K. W. CARLSON et al., Plaintiffs in Error,
v.
Vincent J. BORYLA, Defendant in Error.
No. 71-171. (Supreme Court No. 24490.)
Colorado Court of Appeals, Div. I.
September 8, 1971.
Rehearing Denied September 28, 1971.
Certiorari Denied November 29, 1971.
*701 Tilly & Graves, James L. Tilly, William H. Haring, Denver, for plaintiffs in error.
Ireland, Stapleton, Pryor & Holmes, P. C., Hardin Holmes, Kenneth L. Starr, Denver, for defendant in error.
Not Selected for Official Publication.
DUFFORD, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The parties are here in reverse of their trial court positions and shall be referred to either by name or by their trial court designations.
The plaintiff, Boryla, brought this action seeking damages from the defendants arising from breach of an alleged express contract, or, alternatively, for a quantum meruit recovery for the reasonable value of services he had rendered to them. Trial was to a jury, which returned a verdict in Boryla's favor on the express contract claim with an assessment of damages in the amount of $100,000 less the amount of $38,000, being the amount previously earned by or advanced to Boryla and less a nominal mitigation amount of $1.00. Defendants have appealed from the judgment which was entered upon such verdict. In this appeal, defendants now concede their liability to plaintiff on a quantum meruit basis, but essentially they assert that, as a matter of law, they cannot be held liable under any express contract.
The express contract which was alleged in this case, and which the jury found was proved, concerned the employment of Boryla by the defendants for a term of three years in the capacity of a general manager for a professional basketball franchise in Denver, Colorado, at a total salary of $100,000, which sum was payable in installments during the entire contract term.
The primary written expression of the alleged employment contract is a document bearing a date of March 27, 1967, prepared for the individual signatures of Boryla and for those of the individual defendants. This document was prepared in Denver, Colorado, by Colorado legal counsel. The preparation of this document followed initial meetings and discussions between Boryla and James Trindle, one of the defendants, which took place in Denver, Colorado, on March 8 and 9, 1967. These initial discussions were followed by a meeting between Boryla and all but one of the individual defendants, which occurred in Los Angeles, California, on March 27, 1967. Both parties concede that at the Los Angeles meeting the terms of Boryla's employment were extensively discussed. According to Boryla's version of the meeting, a "deal" was made between him and the defendants as to the terms of his employment, which terms, Boryla asserts, were set forth in the document dated March 27, 1967. All parties concede that this document was never executed by the defendants nor by Boryla.
The evidence is without conflict as to the fact that on April 5, 1967, a meeting was held in Denver, Colorado, between Boryla and James Trindle. Both Boryla and Trindle testified that certain modifications to the terms of Boryla's employment were discussed and agreed upon during this Denver meeting, and, under Boryla's version of the facts, Trindle then verbally accepted the entire employment agreement as so modified. There is in evidence *702 a writing titled as a supplement to the agreement of March 27, 1967. A copy of this instrument was executed by Boryla and by Trindle in Denver, Colorado, on April 6, 1967. Trindle does not deny the execution of this instrument, but neither he nor the other defendants acknowledge that it had any binding effect upon them as to the over-all terms of Boryla's employment. The supplemental agreement provides for the granting of certain stock option rights to Boryla in connection with his employment as General Manager, and contains an express provision that all of the provisions of the March 27, 1967, contract which are not inconsistent with the terms of the supplement are incorporated into the supplement by reference.
At the trial of this matter, the defendants raised the Statute of Frauds as a bar to any liability by them under Boryla's asserted express contract. This defense was stricken by the trial court. Although there are numerous questions of law within the perimeter of this appeal, those questions which concern the application of the Statute of Frauds are basic to the resolution of this appeal and will be treated at the outset.

I.
In striking the Statute of Frauds as a defense, it was the conclusion of the trial court that Colorado law was controlling on questions concerning the validity of the contract under the Statute. Such determination was perhaps vital, since California law would require that any authority on the part of Trindle to make and to execute the contract would have to be evidenced by a written document signed by the other defendants. California Civil Code § 2309. Under Colorado law, this authority need not have been in signed written form. We hold that, under the facts of this case, Colorado law does control, and that it is the Statute of Frauds of Colorado which should be looked to in determining the validity of the contract in question.
The meeting of minds on the essential terms of the express contract which the jury found occurred could only have occurred in Colorado, since from the evidence of this case it was in Denver, Colorado, that the terms of that contract were first discussed, and it was in Denver that the admitted subsequent modifications of the contract were agreed upon. It was also in Colorado that execution of the supplemental agreement by Boryla and Trindle occurred. On these facts, we hold that the place where the contract was made was Denver, Colorado. The fact that the basic written expression of the contract bears a date of March 27, 1967, which date coincides with the date of the California meeting between the parties, does not, by itself, legally define the place at which the contract was made.
In this jurisdiction, the law of the state where a contract is made is controlling on questions of the contract's validity. Wolf v. Burke, 18 Colo. 264, 32 P. 427; Western Enterprises, Inc. v. Robo-Sales, Inc., 28 Colo.App. 157, 470 P.2d 931.
Having determined that the Colorado Statute of Frauds controls this case, we rule that the trial court was correct in permitting the jury to consider whether the defendant Trindle possessed the oral or implied authority as an agent to bind all of the defendants to the obligations contained within Boryla's asserted employment contract.

II.
Since Trindle's authority did not have to be evidenced by a fully executed writing, we further hold that it was proper for the trial court to rule, as a matter of law, that a joint venture existed between Trindle and the other defendants.
The evidence was uncontradicted that the athletic franchise involved here was issued in the joint names of the defendants, and that they jointly invested in its purchase; all defendants conceded that they anticipated sharing in the profits from its operation, and that they were each *703 to participate in its control. They were, in short, engaged in the joint prosecution of a common purpose. These facts compel the conclusion, as a matter of law, that a joint venture existed between Trindle and the other defendants. Bushman Construction Co. v. Air Force Academy Housing, Inc., 10 Cir., 327 F.2d 481.
It was also correct for the court to instruct the jury that Trindle's acts of contracting were binding upon the other joint venturers if they related to matters which were within the scope of the joint venture unless he had no authority to act for the venture and that fact was known to the person with whom he was dealing. Additionally, the jury was properly instructed as to the circumstances under which the act of one would bind all. See Colorado Jury Instructions 7:13 and 7:14 and C.R.S.1963, 104-1-9(1).

III.
We additionally hold that execution of the supplemental agreement by Trindle which incorporated all of the basic terms of the employment contract by reference was a sufficient execution of the employment contract to satisfy the Colorado Statute of Frauds.
In one of the initial interpretations of the Colorado Statute of Frauds, appearing in Salomon v. McRae, 9 Colo.App. 23, 47 P. 409, it was stated that in order to satisfy the Statute "the essential terms of the agreement must be ascertained by the writing itself or by reference in it to something else." (Emphasis added.) The Colorado Supreme Court has specifically ruled that to satisfy the Statute the memorandum "need not be contained in a single paper, but may be made out by comparing and connecting two or any number of papers," and that an instrument "signed by the proper party, may be for this purpose taken in connection with a previous writing not signed." Beckwith v. Talbot, 2 Colo. 639. The ruling in that case was upheld by the United States Supreme Court in Beckwith v. Talbot, 95 U.S. 289, 24 L.Ed. 496, and was later reapplied by the Colorado Supreme Court in Massachusetts Bonding and Insurance Co. v. Board of County Commissioners, 100 Colo. 398, 68 P.2d 555.

IV.
Defendants assert that they were entitled to a directed verdict on the express contract claim because the jury was forced to conjecture as to its terms. However, in view of the ruling in this case concerning the sufficiency of the supplemental agreement and the writing which it incorporated as a valid written memorandum of the essential terms of the express contract between the parties, and considering the rulings herein as to validity of an oral or implied authority in James Trindle to negotiate and make such a contract, defendants' assertion in this regard need not be considered. If the written memorandum and the evidence concerning Trindle's acts and statements are considered, the contract was well proven. Similarly, the trial court's instructions on the express contract claim, which were largely confined to such evidence, were proper.
We find the defendants' contention that it was error for the trial court to admit evidence as to the acts and conduct of one Murphy to be without merit.
Lastly, we reject defendants' arguments that the trial court was in error as to the manner in which it instructed the jury concerning the measure of damages which they should award under Boryla's express contract claim. The instructions complained of were in substantial compliance with the directives of Colorado Jury Instructions 23:36 and 23:39 and, considering the facts of this case, were without error.
Judgment is affirmed.
DWYER and PIERCE, JJ., concur.