533 P.2d 946 (1975)
Stanley DWORAK and Marie Dworak, Plaintiffs-Appellants,
v.
OLSON CONSTRUCTION COMPANY, a Nebraska Corporation, Defendant-Appellee.
No. 74-221.
Colorado Court of Appeals, Div. III.
February 4, 1975.
Rehearing Denied February 25, 1975.
Certiorari Granted April 21, 1975.
Hoffman, McDermott & Hoffman, Gerald P. McDermott, Denver, for plaintiffs-appellants.
Duane O. Littell, William L. Senter, Denver, for defendant-appellee.
Selected for Official Publication.
*947 SILVERSTEIN, Chief Judge.
Plaintiffs appeal a summary judgment dismissing their action. We affirm.
Plaintiffs sought damages arising out of an automobile accident in which their vehicle collided with one owned by defendant and driven by one of defendant's employees. Prior to bringing this action against the employer, plaintiffs executed a covenant not to sue the employee which covenant provided that plaintiffs would "forever refrain from instituting . . . any action . . . for damages . . . on account of . . ." the accident, and further, that plaintiffs agreed "to hold the said [employee] harmless from any damage to [plaintiff] resulting or to result from said accident." The document was executed in Illinois. Defendant moved for summary judgment on the ground that the covenant not to sue the employee released the defendant employer from liability. We agree.
The plaintiffs concede that the employee and employer are not joint tortfeasors even though they may be jointly and severally liable, and that the employer's liability is contingent upon that of the employee. They base their right to recover from defendant solely on the doctrine of respondeat superior.
The contract having been executed in Illinois, its interpretation and effect must be determined by the law of that state. Western Enterprises, Inc. v. Robo-Sales, Inc., 28 Colo.App. 157, 470 P.2d 931; Western Spring Service Co. v. Andrew, 229 F.2d 413 (10th Cir.).
It is well settled law in Illinois that since the liability of an employer for the torts of his employee is derivative, a covenant not to sue the employee, which does not expressly reserve the right to proceed against the employer, releases the employer. Holcomb v. Flavin, 34 Ill.2d 558, 216 N.E.2d 811. See Edgar County Bank & Trust Co. v. Paris Hospital, Inc., 10 Ill. App.3d 465, 294 N.E.2d 319. The covenant not to sue in the instant case contains no reservation of right to proceed against the employer. Therefore the motion for summary judgment was properly granted.
Judgment affirmed.
SMITH and KELLY, JJ., concur.