PARKS, BY NEXT FRIEND, v. FRANCIS'S ADMINISTRATOR.

### Statute of Frauds.

Nathan Francis promised plaintiff's father that if he would name plaintiff, an infant, Nathan Francis Parks, he would deposit $100 for plaintiff in a certain savings bank, in four equal annual installments—one deposit each year until all were made. Two successive deposits only having been made, assumpsit was brought for the others. *Held*, that as the promise was not to be performed within a year, it was within the Statute of Frauds.

APPEAL from the decision and report of commissioners on the estate of Nathan Francis. The declaration was in assumpsit in the common counts. Pleas, general issue and Statute of Limitations. Trial by the court, September Term, 1877, DUNTON, J., presiding.

The plaintiff, a minor, prosecuting by his father and next friend, Martin Parks, sought to recover under a parol contract claimed to have been made between the decedent, who died January 24, 1875, and plaintiff's father, and offered to prove the contract by his father and mother. Defendant objected to their competentcy, but they were allowed to testify; to which defendant excepted. On their testmiony and that of other witnesses, the court found that when plaintiff was about a year old, the decedent verbally promised plaintiff's father that in consideration that plaintiff should be named Nathan Francis Parks, he. would deposit for plaintiff at the Rutland Savings Bank one hundred dollars in four equal annual installments—one deposit each year after the first until all were made; that in consideration of that promise that name was given to plaintiff, and has ever since been borne by him; that the decedent deposited $25 in said bank to plaintiff's credit on October 17, 1865, and took a deposit book therefor, and that on December 31, 1866, plaintiff's father, who then owed the decedent $25, deposited that sum, by direction of the decedent, at said bank to plaintiff's credit, and had the same entered on the deposit book; that no further installment was ever deposited or

paid, but that the decedent shortly before he died promised plaintiff that he would perform the agreement.

Defendant claimed that on those facts plaintiff was not entitled to recover ; but the court ruled, *pro forma*, that he was entitled to recover for two installments, with interest from the time they were to have been deposited, and rendered judgment accordingly. Exceptions by defendant.

*J. B. Beaman*, for the defendant.

The father was not a competent witness, as the contract was between him and the decedent. Gen. Sts. c. 36, s. 24, and cases *passim*.

The promise was made to the father, and whatever consideration there was moved from him, and an action to enforce the promise can be brought only in his name. Chit. Cont. 53, (6th Am. Ed.) ; *Hall* v. *Huntoon*, 17 Vt. 244 ; *Pangborn* v. *Saxton*, 11 Vt. 79 ; *Crampton* v. *Ballard*, 10 Vt. 251 ; *Dennison* v. *Boylston*, 48 Vt. 439.

The promise was *nudum pactum*. The intestate received no benefit, and the father suffered no loss. Chit. Cont. 29, 46.

The cause of action is for the non-performance of a special executory contract, and no consideration passed to the defendant for which there can be a recovery under the common counts. *Hall* v. *Huntoon*, 17 Vt. 244 ; Swift Dig. 690 ; *Curtis* v. *Smith*, 48 Vt. 116 ; Chit. Cont. 63.

The contract was not to be performed within one year, and as it was not in writing, no action can be maintained upon it. Gen. Sts. c. 66 ; *Pierce* v. *Estate of Paine*, 28 Vt. 34 ; *Sheehy* v. *Adarene*, 41 Vt. 541 ; *Hinkley* v. *Southgate*, 11 Vt. 428 ; *Foote* v. *Emerson*, 10 Vt. 338.

*M. G. Everts* and *D. E. Nicholson*, for the plaintiff.

The father was not incompetent as a party. *Brown* v. *Hull*, 16 Vt. 673 ; *Doran* v. *Smith*, 49 Vt. 353.

The declaration is sufficient, especially as no objection was made thereto. *Emerson* v. *Young*, 18 Vt. 603. The promise has all the validity of a written one. The agreement, for all legal

purposes, was as if made with the plaintiff; and each payment and promise was a renewal thereof. *Brydia* v. *Platt*, 2 Tyl. 369; *Stone* v. *Curler*, 2 Vt. 115; Smith Cont. 65, n. 2.

The consideration was the gratification of defendant's ambition to perpetuate his name through a partial and cherished living memorial; and whether plaintiff gained or lost is not material. Gen. Sts. c. 63, s. 19.

The Statute of Limitations cannot run against a party while under a legal disability to sue alone.

The only promise to the plaintiff personally, was just before the death of the decedent, and being upon a recognized consideration, is not open to any of defendant's objections. 2 Saund. 117, 215; Angell Lim. 197.

The opinion of the court was delivered by

ROYCE, J.    The verbal promise of Nathan Francis that is sought to be enforced was, that in consideration that the infant son of Martin Parks, father of the plaintiff, should be named Nathan Francis Parks, he, Nathan Francis, would thereafter deposit in the Rutland Savings Bank for him (the plaintiff), one hundred dollars in four annual installments of twenty-five dollars each, one installment to be deposited each year after the first until all were deposited. The deposits for the first two years were made according to the promise, and the question is, whether the promise to make the two last deposits can be enforced.

The defendant claims that the promise, as far as it remains executory, comes within that section of the Statute of Frauds which provides that no suit in law or equity shall be brought or maintained upon any agreement that is not to be performed within one year from the making thereof, unless some memorandum of the agreement shall be in writing, and signed by the party to be charged.

In *Foote & Stone* v. *Emerson*, 10 Vt. 338, the verbal contract proved was, to pay $150 per year for three years, in goods as the defendant might want them, and there had been part performance by the payment of $128.58 in goods during the first year. The court held that that portion of the contract that provided for the

payment of the goods in the two last years, came within the statute and could not be enforced; and that where, by the terms of a contract, it is to be performed in part within one year and in part thereafter, the whole is void by force of the statute. And in *Hinckley* v. *Southgate*, 11 Vt. 128, the court say that *performed* means *completed*, and that there must be complete and full performance of the contract. The rule of construction given to the statute in these two cases has ever since been regarded as the settled law. While it is true that if the time of performance is by the contract left in doubt, or depends upon a contingency that may reasonably be expected to happen within the year, the contract is not required to be in writing, it is equally clear that when it is a part of the contract that it is not to be performed within the year, it is required to be in writing, to exempt it from the operation of the statute.

The facts found by the County Court show, conclusively, that the promise upon which the right of action is predicated was not to be performed within one year from the time it was made; and hence, as far as it is unexecuted, it cannot be enforced.

As this view is conclusive as to the right of recovery, there is no necessity for passing upon the other questions that are presented by the exceptions.

The judgment of the County Court is reversed; and judgment for the defendant for his costs, to be certified back to the Probate Court.