[Civ. No. 18361.   Second Dist., Div. One.   Nov. 8, 1951.]

ANNA JIRSCHIK, Appellant, v. FARMERS AND MER-
CHANTS NATIONAL BANK OF LOS ANGELES
(a Corporation) et al., as Executors, etc., Respondents.

Bertram H. Ross for Appellant.

Pacht, Tannenbaum & Ross, Rudolph Pacht, Maxwell E.
Greenberg and Roy C. Kaiser for Respondents.

DRAPEAU, J.— Louis J. Friedman died December 25,
1949.  Defendants are executors of his estate.  Plaintiff filed
her claim against the estate, which was rejected.

The claim was for ''extra services and long periods of
nursing rendered to deceased, for which deceased originally
named creditor in his will to sum of $15,000, and then was
persuaded . . . to change said will . . . and eliminate the
$15,000 bequest to claimant.''

Demurrer to plaintiff's first amended complaint was sustained without leave to amend, upon the ground that her cause of action was barred by our statute of frauds. Plaintiff appeals from the judgment which followed.

Said amended complaint alleged that decedent employed plaintiff as his housekeeper from 1931 to the date of his death; that in 1942 plaintiff informed decedent she was leaving his employment to enter defense work; that, to induce her to remain in his employ, decedent orally promised plaintiff he would will her $15,000, she to forego vacations and days off; that plaintiff believed such representations, continued in decedent's employ and did not take days off or vacations; that in May of 1947 decedent told her he had kept his promise and had left her $15,000 in his will; that had plaintiff taken other employment she would have earned more money, and would have been protected by social security and unemployment benefits which she now needs and does not have at past 70 years of age.

Our statute law declares that an oral agreement to will property is unenforceable. (Civ. Code, § 1624; Code Civ. Proc., § 1973.) Appellant asserts that the conduct of decedent estops his executors from pleading the statute as a bar to her action. Appellant relies upon the recent case of *Monarco* v. *Lo Greco,* 35 Cal.2d 621 [220 P.2d 737].

■ But estoppel depends upon the facts in every case. Basically, in such cases as this there must be evident some unusual set of circumstances where no other remedy is available. There must be unconscionable injury and unjust enrichment of the party sought to be estopped. (*Monarco* v. *Lo Greco, supra; Ruinello* v. *Murray,* 36 Cal.2d 687 [227 P.2d 251].)

■ In this case the most that can be drawn from plaintiff's complaint is that while she was employed and paid by decedent she could have secured work at a higher rate of pay, with certain social security and unemployment benefits; and that, relying upon decedent's promise to leave her $15,000 in his will—which promise he did not keep—she stayed with him, did not earn additional money in defense work, and did not secure the social benefits mentioned.

This does not show unconscionable injury sufficient to estop defendants from interposing the bar of the statute of frauds. Nor does it show unjust enrichment of decedent.

The complaint does not allege that plaintiff was paid less than the reasonable value of her services. And if the wages paid plaintiff had been less than they were reasonably

worth, an action in *quantum meruit* for the difference would prevent any unjust enrichment of decedent, or of his estate. (*Monarco* v. *Lo Greco, supra*; *Ruinello* v. *Murray, supra.*)

The demurrer was properly sustained without leave to amend.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 3, 1952. Carter, J., and Traynor, J., voted for a hearing.