[Civ. No. 15616.   First Dist., Div. Two.   Jan. 19, 1954.]

ABE GOLDSTEIN, Respondent, v. NEAL McNEIL et al., Appellants.

Jack Flinn for Appellants.

Louis Thomas Hiller for Respondent.

NOURSE, P. J.—Plaintiff, seller, recovered damages for breach of an oral contract of sale of 14 secondhand automobiles. The sole contention of the appellants—defendants—is that the trial court erred in holding them estopped from asserting the statute of frauds, to wit, section 1973a Code of Civil Procedure, reading in part: "1. A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged, or his agent in that behalf."

The findings of the trial court are in general not attacked as unsupported by the evidence, although appellants' statement of facts deviates strongly from them. The findings based on conflicting evidence are binding on this court; they are to the following effect:

Plaintiff, a used car dealer, with principal place of business in Los Angeles, on July 26, 1950, by oral contract sold to defendants 14 used automobiles for a total sum of $29,450, free on board Shreveport, Louisiana, the automobiles to be delivered at defendants' place of business in San Francisco on or about August 16, 1950, and to be high-class, modern and in salable condition. Defendants paid plaintiff $910 for caravan expenses and requested him to purchase caravan permits for the cars in the name of defendant Neal McNeil.

Plaintiff secured the permits at a cost of $210—expended by him. On or about August 16, 1950, plaintiff was ready and willing to deliver the 14 automobiles which in caravan had reached Fresno, California, but defendants, who had inspected them there refused to accept them and pay for them. Plaintiff's tender was in substantial compliance with the contract and the refusal was unjustifiable. After notice to defendants, plaintiff resold the automobiles for $26,400, which price was then the reasonable market value; the necessary expenses on the resale were $815.22, so that there is a total deficiency of $3,865.22 due and owing by defendants. By reason of the expenditure of $210 for caravan permits and plaintiff's substantial performance of the contract plaintiff suffered a substantial change of position, thereby estopping the defendants from asserting the statute of frauds, so that plaintiff's action is not barred by section 1973a Code of Civil Procedure.

Accordingly judgment was given for plaintiff for that amount and on a cross-action of defendants for return of the amount of $910 for caravan expenses the judgment was also for cross-defendant.

Appellants contend that there is no evidentiary basis for the finding of an estoppel to assert the statute. They contend (citing *Albany Peanut Co.* v. *Euclid Candy Co.,* 30 Cal.App.2d 35, 38-39 [85 P.2d 471]) that the estoppel requires evidence that plaintiff, induced by representations that the invalidity of the contract under the statute would not be asserted, has changed his position to his detriment to such an extent that assertion of the statute would cause him unconscionable injury. It is said that in this case there was neither inducing representation nor unconscionable injury. The cars had already been bought by plaintiff; at most a profit from the contract failed to materialize but this is insufficient to constitute unconscionable loss.

Respondent contends that appellants' request that he provide caravan permits in McNeil's name and a caravan crew, and payment of caravan costs constituted a representation by deeds that they would adhere to the contract, and further that the payment of $210 for the caravan permits in McNeil's name, the transportation of the cars from Louisiana to California, and the abstention from sale to others during three weeks in which the old car market from its top around the time of the contract showed a strong decline and the lesser price obtained because of this decline constituted a change of position to respondent's detriment which would

cause an unconscionable loss if the contract was considered invalid. ■ It is pointed out correctly that, according to the later cases, if refusal to enforce the contract would lead to unconscionable injury or unjust enrichment no separate representation that the statute will not be invoked is required. (*Monarco* v. *Lo Greco*, 35 Cal.2d 621, 626 [220 P.2d 737].)

The essential question herein is the one as to unconscionable injury, unjust enrichment of appellants not being involved. Not all injury caused by attempted performance by seller under an oral contract is sufficient to cause an estoppel. In *Booth* v. *A. Levy & J. Zentner Co.*, 21 Cal.App. 427, 431 [131 P. 1062], it is said: "It is a plain case where the seller chose to ship goods to a distant buyer who was bound by an oral agreement only. To hold that under such circumstances the buyer who refuses to accept the goods is estopped to rely upon the statute would be to practically abrogate the statute of frauds." ■ Normally an oral agreement under the statute of frauds is voidable at the election of either party and each party to such an agreement accepts the risk that the other party withdraws. (*Sousa* v. *First Calif. Co.*, 101 Cal.App.2d 533, 539 [225 P.2d 955].) ■ To cause an estoppel there must be unusual circumstances which give the injury an unjust and unconscionable character (*Jirschik* v. *Farmers & Merch. Nat. Bank*, 107 Cal.App.2d 405, 406 [237 P.2d 49].)

■ Whether in this case invalidation of the contract would cause injury of such serious and special character may well be subject to reasonable difference of opinion. The amount of $210 laid out by respondent at appellants' special request for permits in connection with the caravaning of the cars into California is not a large amount compared to the total purchase price involved and it seems quite possible that if appellants were permitted to avoid the contract respondent could nevertheless recover this amount from them, because it was paid by him as their agent. It is conceded that the fact that the permits were in the name of McNeil did not cause any additional expense. Neither did the transportation of the cars to California in itself necessarily cause serious injury. With the exception of the price of the caravan permits the transportation was paid for by appellants and there is no evidence that used automobiles were of less value or more difficult to sell in California, where respondent had his main place of business, than in Louisiana. However, there

was also evidence from which the court could conclude that respondent would not have transported the cars from Louisiana prior to having a purchaser for them. The main element of unconscionable loss on which respondent must rely is that because of his performance of the contract he missed the very high market existing around the time of the contract and was caught in a sharp slump. Respondent introduced evidence that in July, 1950, the outbreak of the Korean conflict had caused used car dealers to expect a possible shortage of new automobiles and increased demand for used cars, for which reason they bought up big stocks, but that when the great public demand failed to materialize the market broke around the 10th of August. There was also evidence introduced by appellants that the break in the market came later, but in support of the judgment and findings we must assume that the court believed respondent's evidence.

Unless but one inference can be drawn from the evidence estoppel is a question for the trier of facts. (*Krobitzsch* v. *Middleton,* 72 Cal.App.2d 804, 815 [165 P.2d 729]; *Parke* v. *Franciscus,* 194 Cal. 284, 297 [228 P. 435].) Accordingly the trial court has a large discretion in determining whether allowing a party to set up the statute would be inequitable and an appellate court will not interfere in the absence of an abuse of that discretion (12 Cal.Jur. 935). We cannot say that the trial court abused its discretion in preventing appellants from reneging under the special circumstances stated.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.