273 P.2d 741

**UNDERWOOD v. SAPIR.**

No. 5770.

Supreme Court of New Mexico.

Aug. 12, 1954.

Quincy D. Adams and James H. Foley, Albuquerque, for appellant.

Irwin S. Moise and Lewis R. Sutin, Albuquerque, for appellee.

SADLER, Justice.

The appellant (defendant below) seeks on appeal the review of a judgment rendered against him by the district court of Bernalillo County in favor of the plaintiff in an action the nature of which will be disclosed by the findings of fact made by the trial court, the substance of which will be next recited.

The parties to the appeal were lessor and lessee, respectively, in a lease agreement

bearing date June 23, 1952, on certain premises located in the city of Albuquerque, New Mexico, providing rental at the rate of $250 per month, over a period of three years and four months. On January 29, 1953, the defendant was delinquent in the payment of rental in the sum of $750, covering the months of November and December, 1952, and January, 1953.

Apparently because of these defaults, but whether so or not, once in December, 1952, and, again, in January, 1953, the defendant asked plaintiff to relieve him of the lease, in pursuance of which request the plaintiff did find another tenant who agreed to take over the premises on July 1, 1953. So it was that the parties later in the month of January, 1953, orally agreed that for the payment of $500 to plaintiff by defendant, the former would release and discharge defendant from all obligations under the lease. It was pursuant to such agreement that plaintiff's Exhibit "B" introduced in evidence at the trial was prepared, executed and acknowledged by the defendant and his wife and signed as well by the plaintiff. It reads:

### "R e l e a s e

"This Agreement, Made and entered into this 29th day of January 1953, by and between Wyatt R. Underwood Jr. and Sibyl B. Underwood, his wife, lessors in that certain lease dated June 23, 1952, of the first part, and Ben Sapir, lessee in said lease of the second part,

"Witnesseth:

"For and in consideration of the sum of $1.00 and other good and valuable consideration in hand paid to the parties of the first part by the party of the second part, the receipt whereof is hereby acknowledged by the parties of the first part, that certain lease between the parties dated June 23, 1952, and covering the following described real estate situate in Bernalillo County, New Mexico, to-wit:

"(Description of property omitted) "be and the same hereby is terminated, satisfied and released, and the party of the second part has and by these presents does release to the parties of the first part said lease and the right of possession in and to said premises, and does agree that the parties of the first part shall be entitled to retake possession of said premises immediately upon the execution hereof, and does release and relieve the parties of the first part from further duties and obligations under said lease or any of the terms thereof.

"It Is Understood and Agreed that as of January 31, 1953, said lease is terminated for all purposes.

"Witness the hands of the parties the day and year first above written."

Following execution of the foregoing instrument, the defendant surrendered possession of the premises to the plaintiff, who accepted them and henceforth considered defendant released from all obligations under the lease and that it was terminated. The defendant, however, did not pay over the $500 as promised, by reason whereof the plaintiff continued to withhold from him the written release aforesaid which evidenced their oral agreement. Thus it was that at the time plaintiff sued the defendant, the latter still owed plaintiff the sum of $500 agreed to be paid him in discharge of all liability under the lease.

From the facts found as just recited the court concluded the defendant was indebted to plaintiff in the amount sued for and rendered judgment against him accordingly. This appeal followed for the revision and correction of the judgment so rendered for alleged errors now to be considered.

The defendant presents his claims of error under three points. The first two are so interrelated they may be considered together. They rest primarily upon the claim that the written lease agreement is in reality the basis of plaintiff's claim and, no copy thereof having been attached to the complaint, it was erroneously admitted in evidence, thus invoking 1941 Comp., § 19–101(9) (k). If the plaintiff's claim in this behalf be correct, a reversal must follow. We think a complete answer to the contention is to be found in the colloquy between court and defendant's attorney when the written lease was offered in evidence. It follows:

"Mr. Adams: We object to the introduction in evidence of the instrument marked Plaintiff's Identification No. '1', on the ground that it is referred to in the Pleadings, but a copy has not been attached of the Complaint * * * of the lease to the Pleadings, or has not been filed, and no sufficient reason has been stated for not doing so, and under the provision of Rule 9, Sub-Paragraph K of the Rule of Civil Procedure, which would be Section 19–101(9) of the 1941 Code, that this instrument is not admissible in evidence.

"The Court: Well, if this was an action on the lease, itself, I would sustain you, but I think this is on a subsequent * * * I mean, an alleged accord and satisfaction, or a release. Overruled. It will be received."

The trial court evidently considered that the written lease was not the foundation of the plaintiff's action, thus excusing the attaching of a copy to the complaint. Certainly, it was not referred to in the pleadings and counsel for plaintiff expressly disclaimed any intent to put reliance on it as the foundation of his action. On the contrary they say, and this

evidently was the view adopted by the trial court, that the action was based on an oral agreement in the nature of an accord and satisfaction, whereby for the sum of $500, which the defendant promised to pay but did not, the plaintiff accepted a surrender of the lease from defendant and released him from all obligations thereunder. Such is the theory reflected by the findings and having support in the evidence, it seems conclusive of defendant's claims that the action was on the lease.

The case of Daughtry v. F. B. Collins Investment Co., 28 N.M. 151, 207 P. 575, is cited by counsel for plaintiff as presenting analogous facts on which a decision in accordance with their contention was rendered by us. It does lend support to their position. Where the writing is merely an item of evidence in a party's claim, a copy thereof need not be attached to the complaint. Beebe v. Fouse, 27 N.M. 194, 199 P. 364.

The Statute of Frauds is also interposed as a defense to any efficacy to be deduced from the oral agreement for discharge of the written lease. The plaintiff retorts that defendant failed to plead the statute and this claim is met by a quotation from 49 Am.Jur. 916, to the effect that the defense may be shown under a general denial. Compare, Pace v. Springer, 23 N.M. 586, 170 P. 879, which seems to be in accord with the weight of authority asserted by the text above cited. But laying aside all question of whether the Statute of Frauds was properly raised below, even assuming that it was, it cannot avail the defendant. The oral agreement was fully executed when plaintiff acted upon it by accepting possession of the demised premises from defendant thereby discharging him from all liability under the lease. Harris v. Hardwick, 18 N.M. 303, 137 P. 581; Mapel v. Starriett, 28 N.M. 1, 205 P. 726; Harris v. Dunn, 55 N.M. 434, 234 P.2d 821, 27 A.L.R.2d 1277.

We have reviewed the record and find it free from error. The trial court was correct in concluding defendant owed plaintiff the amount sued for and in awarding recovery for its amount and costs. The judgment should be affirmed.

It Is So Ordered.

McGHEE, C. J., and COMPTON, LUJAN and SEYMOUR, JJ., concur.