381 P.2d 419

**L. Walker BOGGS, Plaintiff-Appellant,**

v.

**John R. ANDERSON, Defendant-Appellee.**

**No. 7084.**

Supreme Court of New Mexico.

May 6, 1963.

James L. Brown, Farmington, for appellant.

Cooney, Schlenker & Briones, Farmington, for appellee.

LARRAZOLO, District Judge.

This is an appeal taken by appellant from an order dismissing the complaint of plaintiff after a pre-trial conference held before the court and after the parties had submitted briefs to the court.

Hereinafter, the appellant will be referred to as the "plaintiff" and the appellee will be referred to as the "defendant."

The plaintiff filed suit against defendant alleging that the plaintiff owned certain stock holdings in the Four Way Company, Inc., Four Way Equipment Rental Corporation, Pioneer Power Company, Inc., and had an interest in a certain Bonanza airplane and had a stock purchase agreement with the defendant.

That on or about the 6th day of September, 1957, the plaintiff and the defendant entered into an agreement whereby the defendant agreed to pay the plaintiff the sum of $32,858.00 for his stock holdings,

as mentioned above, and for the cancellation and surrender of the above-mentioned stock purchase agreement, and for his interest in the above-mentioned Bonanza airplane. He further alleged that said sum was to be paid as follows: $7,858.00 in cash; $25,000.00 by the defendant's promissory note, payable $5,000.00 one year from date and $5,000.00 two years from date and the balance of $15,000.00 three years from date.

The plaintiff further alleged that it was agreed that the plaintiff would deliver to a designated escrow agent all of the shares of the capital stock in the above-mentioned companies along with the above-mentioned stock purchase agreement and a bill of sale covering all of said items, as well as the above-mentioned Bonanza airplane. Plaintiff further alleged that it was agreed that in the event the defendant should default in the making of any of said payments that the entire amount then owing could then be declared due. The plaintiff further alleged that the plaintiff had delivered all of said items to the escrow agent; that the defendant agreed to deliver to the escrow agent the sum of $7,858.00 in cash along with the above-mentioned promissory note which was to be duly executed.

The complaint further alleged that the defendant had wholly failed and refused to pay said cash sum or any part thereof, although demand has been made on him for the payment of the same. That pursuant to said agreement, plaintiff elected to declare the entire amount to be due and payable.

The plaintiff prays for judgment against the defendant in the sum of $32,858.00, plus costs and interest as allowed by law, and such other and further relief as to the court seems just in the premises.

In count II of the plaintiff's complaint, there is a further prayer for damages for breach of the above-mentioned contract on the part of the defendant.

To this complaint, the defendant filed an answer admitting certain allegations, but denied, among other matters, that there was a contract between the parties. The pertinent part of the answer insofar as this appeal is concerned, however, was the affirmative defense containing the defense of the Statute of Frauds, which reads as follows:

"Defendant avers that any agreement alleged to have been made by the plaintiff and the defendant involved the sale of goods and chattels in an amount in excess of $500.00 and that the Statute of Frauds requires that a memorandum in writing be signed by the defendant as the party to be charged thereunder; alleges that no such memorandum or writing was signed by the defendant and alleges that any agreement, alleged to exist between the parties, the existence of which the defend-

ant denies, is unenforceable under the Statute of Frauds."

Also, of importance is a determination of whether or not a contract existed.

Subsequent to the above pleadings, several depositions were taken by the parties to the case, including that of Thomas Earl Allen, Harry R. Jones, a Houston, Texas attorney, the defendant, John R. Anderson, and the plaintiff, L. Walker Boggs.

Subsequent to the taking of the depositions, a pre-trial conference was held before the court, at which time the court permitted certain amendments to the plaintiff's complaint, not material to this appeal, and at which time the court ordered a submission of briefs by counsel covering legal defense in motion for summary judgment on the question of the applicability of the statute of frauds as a defense to plaintiff's complaint.

Sometime later the court entered an order dismissing plaintiff's complaint, which read as follows:

"This cause coming on to be heard upon the Affirmative Defense of the Statute of Frauds raised by the defendant in his answer to the complaint of the plaintiff and further raised at the pre-trial conference held in this cause, and the Court having considered the briefs of the parties heretofore submitted by the parties hereto as to the applicability of the Statute of Frauds to bar the complaint of the plaintiff.

"The Court finds that the complaint of the plaintiff is barred by the Statute of Frauds as pleaded in the Affirmative Defense of the defendant herein.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the complaint of the plaintiff be and the same is hereby dismissed."

There is no showing in the order of the court, nor have we been able to discover from the transcript or from briefs submitted by counsel, that the court actually considered the depositions on file in the case in arriving at its conclusion in its order of dismissal of plaintiff's complaint. We will consider the court's action in the case as either an order on a motion for summary judgment or an order dismissing plaintiff's complaint for failure to state a cause of action.

The basic questions involved in the court below are the following.

Plaintiff contends there was a contract between the parties. Defendant denies there was any contract.

Plaintiff contends that the entire agreement was made and consummated in the State of Texas and that it, involving a transaction in chattels and not one involving land, therefore, is not barred by the

statute of frauds of the State of Texas. Plaintiff further contends that he has performed his part of the agreement and that part performance by one party in reliance of the oral contract removes the contract from the operation of the statute of frauds, in the State of Texas as well as in New Mexico.

Plaintiff further contends that the validity of a contract is to be determined by the law of the state in which it was made and in which it was intended to be performed. All such matters, so plaintiff contends, took place or were to take place in the State of Texas.

The defendant takes the opposite view, contending that the contract does fall under the statute of frauds and that the contract was to be performed in New Mexico and that our statute of frauds applies to the controversy between the parties.

The defendant also contends that the plaintiff did not raise the matter of the Texas Statute of Frauds in the court below.

There are other minor questions raised by the parties, but the above-noted matters are controlling in this appeal.

The depositions of Thomas Earl Allen, Harry E. Jones and that of the plaintiff himself tend strongly to support the contentions of the plaintiff, whereas, the deposition of the defendant supports defendant's contentions.

■ The defendant asserts that no argument concerning the application of the Texas Statute of Frauds was made in the court below and that such an issue was not presented to the court below. We note, however, that the issue was within the pleadings, and the pre-trial proceedings do not disclose that the argument of the plaintiff, as presented to this court, was not the same as below. Because of the vagueness of the pre-trial proceedings, the practice of this court dictates the assumption that the position here taken is the same as below. This is done so as not to foreclose the plaintiff summarily.

A determination as to whether the laws of Texas would apply to this case under the statute of frauds of that state or, indeed, whether under the contentions of the plaintiff the case might be taken out of our statute of frauds in New Mexico by estoppel is a question to be resolved from a consideration of all the facts in the case. Goldstein v. McNeil, 122 Cal.App.2d 608, 265 P.2d 113.

■ As a general proposition of law, it is settled that the validity of a contract must be determined by the law of the state in which it was made. Atchison, T. & S. F. Ry. Co. v. Rodgers, 16 N.M. 120, 113 P. 805; Wooley v. Shell Petroleum Corp., 39 N.M. 256, 45 P.2d 927. For the view of the Texas courts concerning the application of the statute of frauds to an oral

contract, such as alleged by the plaintiff in this case, see J. M. Huber Petroleum Co. v. Yake, (1938) Tex.Civ.App., 121 S. W.2d 670.

■ Concerning plaintiff's contention and defendant's denial that the oral contract in this case is removed from the application of the statute of frauds by full performance on the part of the plaintiff, see Underwood v. Sapir, 58 N.M. 539, 273 P.2d 741. The general rule concerning this phase of the law is stated in 37 C.J.S., Frauds, Statute of, § 251, p. 762, as follows:

"* * * the great weight of authority supports the rule that the statute of frauds has no application where there has been a full and complete performance of the contract by one of the contracting parties, and the party so performing may sue on the contract in a court of law; he is not compelled to abandon the contract and sue in equity or on a quantum meruit. Particularly is this said to be true where the agreement has been completely performed as to the part thereof which comes within the provisions of the statute, and the part remaining to be performed is merely the payment of money * * *."

■ In view of our consideration of this case as one involving a summary judgment by the court below, it must be stated that the plaintiff below should have been given the benefit of all reasonable inferences to be drawn from the pleadings and depositions, and all doubts as to the existence of a fact issue should have been resolved against the defendant, absent a hearing on all the facts in the case. A summary judgment is not proper where there are material issues of fact involved. Morris v. Miller & Smith Mfg. Co., 69 N.M. 238, 365 P.2d 664; Sooner Pipe & Supply Corp. v. Doerrie, 69 N.M. 78, 364 P.2d 138; Srader v. Pecos Construction Co., 71 N.M. 320, 378 P.2d 364.

Although the above cases involve motions for summary judgment, the same rule applies where the summary judgment is given sua sponte by the court. See Buffington v. Continental Casualty Co., 69 N.M. 365, 367 P.2d 539.

■ The existence of a contract between the parties is a question to be determined from all the facts in the case. Whether the statute of frauds of Texas applies to the facts of this case or whether the case is taken out of the statute of frauds in New Mexico by estoppel under our laws is a question which can only be resolved from a consideration of all the material facts in the case. There is a distinct conflict of testimony in the depositions on file in this case which may only be resolved by trial on the merits with proper findings of fact and conclusions of law to be made by the trier of the facts below.

**142**

This was not done by the learned trial judge. The record reveals no consideration of the conflicting positions of the parties as shown in the depositions, nor does it reveal any hearing at which findings of fact and conclusions of law were made by the court after a hearing on the merits.

For the above reasons, the judgment appealed from should be reversed and the cause remanded to the trial court for trial on the merits. It is so ordered.

CHAVEZ and MOISE, JJ., concur.