John Robert LUCAS, Plaintiff,

v.

**WHITTAKER CORPORATION, a California corporation, and Whittaker Power Systems Corporation, a California corporation, Defendants.**

Civ. A. No. C–2297.

United States District Court,
D. Colorado.

Dec. 30, 1971.

Clarke & Waggener by William P. Waggener, Denver, Colo., for plaintiff.

Holme Roberts & Owen by Donald C. McKinlay, Denver, Colo., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

CHILSON, District Judge.

In 1968, the plaintiff was employed in the State of Missouri by Eagle Pitcher Company in an executive capacity and had been so employed for approximately nine years. Learning that the Power Services Division, (a division of Whittaker Corporation located at Denver, Colorado) was for sale, the plaintiff interested the Vickers Trust of Wichita, Kansas, in acquiring the Division, with plaintiff to become the General Manager of the Division if and when acquired by Vickers.

The negotiations on behalf of Vickers were carried on by the plaintiff.

Vickers terminated the negotiations and thereafter in early November 1968, a representative of Whittaker phoned plaintiff and inquired if the plaintiff would be interested in becoming General Manager of the Division. Upon stating that he was interested, plaintiff was requested to come to the Whittaker offices in Los Angeles to discuss the matter further and to submit himself to certain tests. While there, plaintiff was orally employed as the General Manager of the Power Services Division at a salary of $2250 per month and was given a two-year option to purchase the Division for three million dollars.

Defendants, on December 3, 1969, discharged the plaintiff as General Manager.

The plaintiff brought this action seeking damages for the breach, by the defendants, of an alleged oral agreement to employ the plaintiff for a period of two years as General Manager of the Division, and for a breach of the option agreement.

The action came on for trial to a jury. During the course of the trial, the Court dismissed plaintiff's claim for damages insofar as it was based upon the alleged breach of the option agreement for the reasons that the plaintiff never attempted to exercise the option and testified that the value of the Division was less than the option price.

This left for determination, the plaintiff's claim for damages for the breach of the alleged oral employment agreement. One of the defenses raised by defendants is that the action is barred by the applicable statute of frauds. Plaintiff and defendants agreed that the Court and not the jury should determine this issue. The Court concurred.

Since the amount of damages to be awarded, should the plaintiff recover, were not in dispute, the matter proceeded to trial to the jury solely on the issue of whether or not the defendants agreed to employ plaintiff for a fixed period of two years as claimed by the plaintiff, or an indefinite period as claimed by the defendant. The jury found for the plaintiff.

At the close of the evidence, the defendants moved for a directed verdict on the ground that plaintiff's claim was barred by the statute of frauds. The Court reserved ruling on this motion pending the return of the jury's verdict, for if the verdict was in favor of the defendants, a determination of the questions raised by the motion would be unnecessary. The verdict being for plaintiff, however, we have considered the defense of the statute of frauds raised by the motion and conclude that the defendant's motion for a directed verdict should be denied, and judgment should be entered for the plaintiff and against the defendants for the reasons which follow.

The jury's finding that the defendants agreed to employ plaintiff for a fixed period of two years is binding upon the parties and the Court in considering the questions raised by the defense of the statute of frauds.

Both the Colorado and California statutes of fraud provide that an agreement that by its terms is not to be performed within one year from the making thereof shall be invalid or void unless the agreement or some note or memorandum thereof is in writing and signed by the party to be charged. Neither party contends that the agreement here involved complies with either of the statutes.

Defendants contend the Colorado statute is applicable and bars recovery, but that the same result would be reached by applying the California statute.

Plaintiff asserts that the California statute is applicable and that under California case law and the facts of this case, the defendants are estopped to assert the California statute as a bar to the plaintiff's action.

■ In diversity cases, such as this, the Federal Court must follow the conflict of laws rules of the state in which it sits. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

■ By Colorado case law, the place where a contract is made governs its validity. Gossard v. Gossard, 149 F.2d 111 (10th Circuit 1956); Kloberdanz v. Joy Manufacturing Co., 288 F.Supp. 817 (D.Colo.1968); Cockburn v. Kingsley, 25 Colo.App. 89, 135 P. 1112 (1913).

■ Admittedly, the oral agreement was entered into in the State of California and therefore its validity is determined by California law. The oral agreement here involved is invalid under the California statute unless the California Courts have so construed the statute that the doctrine of estoppel may estop a party to the agreement from asserting the statute as a defense. The California Courts have adopted and applied such a rule.

In Monarco v. Lo Greco, 35 Cal.2d 621, 220 P.2d 737 (1950), the California Supreme Court stated:

"The controlling question is whether plaintiff is estopped from relying upon the statute of frauds (Civil Code § 1624; Code Civ.Proc. § 1973) to defeat the enforcement of the oral contract. The doctrine of estoppel to assert the statute of frauds has been consistently applied by the courts of this state to prevent fraud that would result from refusal to enforce oral contracts in certain circumstances. Such fraud may inhere in the unconscionable injury that would result from denying enforcement of the contract after one party has been induced by the other seriously to change his position in reliance on the contract (citing numerous California cases), or in the unjust enrichment that would result if a party who has received the benefits of the other's performance were allowed to rely upon the statute. (Citing California cases). In many cases both elements are present. Thus not only may one party have so seriously changed his position in reliance upon, or in the performance of, the contract that he would suffer an unconscionable injury if it were not enforced, but the other may have reaped the benefits of the contract so that he would be unjustly enriched if · he could escape its obligations. (Citing numerous California cases)."

In that case, the Court held that the plaintiff was estopped to rely upon the statute to defeat the enforcement of the oral contract there involved.

In 1953, the Ninth Circuit, in its opinion in Fibreboard Products, Inc. v. Townsend, 202 F.2d 180, recognized the rule of estoppel set forth in the *Monarco* case, *supra*, to be the law of California and applied it to an oral contract of employment, stating:

"In any event, the detriment suffered by plaintiff is sufficient to estop defendant from asserting the Statute of Frauds."

■ We now examine the evidence to determine whether the plaintiff was induced by the defendants seriously to change his position in reliance on the employment contract. If so, under the California rule, the defendants are estopped from asserting the defense of the statute of frauds.

The evidence discloses that for some nine years prior to his employment by the defendants, the plaintiff was employed by Eagle Pitcher Co. in the State of Missouri; his salary in 1968 was in the neighborhood of $1200 per month, together with certain fringe benefits including a pension plan, hospital and travel insurance, an annual bonus which in the last year of his employment amounted to $1,000, and educational assistance by his employer for the education of his two children amounting to $400 to $500 per year if the children attended a local college.

By moving to Denver, Colorado, to fulfill his contract of employment with the defendants, the plaintiff not only gave up his then present employment with its attendant benefits, but also removed himself and his family from the social and community relationships which he had developed over the nine-year period of his residence in Missouri.

We conclude that this change of position of the plaintiff was made in reliance on the oral contract of employment he entered into with the defendants, and that the detriment suffered by the plaintiff is sufficient to estop the defendant from asserting the statute of frauds. Unless the defendants are so estopped, the plaintiff would suffer unconscionable injury.

The Court concludes that judgment should enter for the plaintiff.