**Benjamin ORTEGA, Appellee,**
**v.**
**KIMBELL FOODS, INC., Appellant.**
**KIMBELL FOODS, INC., Appellee,**
**v.**
**Benjamin ORTEGA, Appellant.**
**Nos. 71–1710, 71–1711.**

United States Court of Appeals,
Tenth Circuit.
June 29, 1972.

William W. Gilbert, Santa Fe, N. M., for appellant, Ortega.

Alfonso G. Sanchez, Santa Fe, N. M., for appellee, Kimbell Foods. Inc.

Before LEWIS, Chief Judge, and KILKENNY* and DOYLE, Circuit Judges.

PER CURIAM.

Kimbell Foods, Inc. [Kimbell] appeals from a judgment entered in an action for breach of an alleged contract to provide appellee with benefits upon retirement when he reached the age of 65. Sitting without a jury, the trial judge granted appellee a judgment in the form of $325.00 per month so long as he lived, retroactive to his 65th birthday, together with interest on accrued payments and costs. In his appeal, Ortega claims that he is entitled to $500.00 per month, rather than $325.00.

The trial judge found that Kimbell, for a valuable consideration, promised Ortega an adequate and reasonable retirement program or, in the alternative, $500.00 a month for life. The record is adequate to support these findings.

## KIMBELL APPEAL

■■ Kimbell argues that the action is barred by the New Mexico statute of frauds, which prohibits the enforcement of an oral agreement not to be performed within one year of the making. The record supports the trial court's finding that appellee, in good faith, fully performed his part of the contract. Such performance, under New Mexico law, removes the contract from the operation of the statute. Aragon v. Boyd, 80 N.M. 14, 450 P.2d 614, 618–19(1969); Boggs v. Anderson, 72 N.M. 136, 381 P. 2d 419, 422 (1963). Moreover, the statute was not enacted to be used as a vehi-

cle for the perpetration of a fraud. Jennings v. Ruidoso Racing Assn., 79 N.M. 144, 441 P.2d 42 (1968). There is no merit in Kimbell's contention. We need not discuss appellee's other theories on non-applicability of the statute.

## ORTEGA APPEAL

Ortega urges that he is entitled to $500.00 per month, rather than $325.00 per month allowed by the lower court. Kimbell says there is nothing in the record to support even the $325.00 per month award.

■ The court's findings, conclusions and judgment do not show the basis for the $325.00 monthly award. However, we must assume that the trial judge was of the view that this sum was "an adequate and reasonable retirement program," within the meaning of the contract. Considering the fact that Ortega had been in the employ of Kimbell from 1954 through the contract negotiations in October and November, 1967, and must, therefore, be considered as a trusted long term employee, and adding the further fact that if he had accepted the employment offer of the state of Arizona a few years before reaching 65, he would have received retirement benefits in excess of $150.00 per month, we are forced to the conclusion that there is a basis in fact for the award of $325.00 per month as "a reasonable and adequate retirement program." In these circumstances, a trial judge must be given a wide latitude. We find no sound reason to disturb his award.

Finding no error, we affirm the judgment of the lower court.

---

* John F. Kilkenny, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.