John Robert LUCAS, Plaintiff-Appellee,

v.

WHITTAKER CORPORATION, a California corporation, and Whittaker Power Systems Corporation, a California corporation, Defendants-Appellants.

No. 72–1174.

United States Court of Appeals, Tenth Circuit.

Dec. 18, 1972.

William P. Waggener, Denver, Colo. (Anthony F. Renzo, Denver, Colo., on the brief), for plaintiff-appellee.

Donald C. McKinlay, Denver, Colo., for defendants-appellants.

Before LEWIS, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PICKETT, Circuit Judge.

In this diversity action, Lucas sued Whittaker to recover the balance due him on an alleged two-year oral employment contract. Whittaker denied the existence of the contract and also relied on the statute of frauds as a defense, since it was an agreement not to be performed within a year. A jury found that Lucas was employed for the two-year period. The parties agreed that the court should decide the statute of frauds issues. The court held that under the circumstances the doctrine of equitable estoppel prevented Whittaker from asserting the statute as a defense. Lucas v. Whittaker, 335 F.Supp. 889 (D.Colo.1971).

In 1968, while employed by the Eagle-Picher Company, a specialty battery manufacturer in Carthage, Missouri, Lucas learned that Whittaker was considering the sale of its Power Sources Division (PSD), also a specialty battery manufacturer, located in Denver, Colorado. Anticipating that he would become general manager of PSD after it was sold by Whittaker, Lucas in August 1968 interested a third party who authorized him to negotiate in its behalf with Whittaker for the purchase of PSD. Lucas met with Whittaker representatives in August and September of 1968, but terminated the negotiations when the third party advised him that it was no longer interested in the purchase.

A few weeks later Lucas, in response to a telephone call from a representative of Whittaker, went to Los Angeles, California, to consider an offer of employment as general manager of PSD. An oral employment agreement was reached whereupon Lucas resigned his employment in Carthage, Missouri, and moved his family to Denver, Colorado, where he assumed his new duties. Lucas claims that the terms of his employment contract included a $27,000 annual salary for a fixed period of two years. After thirteen months Lucas was fired. He sued to recover the remainder of the two-year salary, less certain adjustments. There is no dispute concerning the amount due on the two-year contract if it is enforceable. Since the jury found that Whittaker employed Lucas for a period of two years, the main issue presented on appeal is whether the trial court erred in holding that Whittaker was equitably estopped to invoke the statute of frauds as a defense.

The contract having been consummated in California, Colorado law requires the application of California law in determining its validity. Carlson v. Boryla, 490 P.2d 700 (Colo.App.1971); Western Enterprises, Inc. v. Robo-Sales, Inc., 28 Colo.App. 157, 470 P.2d 931 (1970). In California the doctrine of estoppel to assert the statute of frauds is applied to prevent fraud that would result from a refusal to enforce an oral contract. It is said that "[s]uch fraud may inhere in the unconscionable injury

**328**

that would result from denying enforcement of the contract after one party has been induced by the other seriously to change his position in reliance on the contract. . . ." Monarco v. Lo Greco, 35 Cal.2d 621, 220 P.2d 737, 739 (1950). Equitable estoppel is not limited to any particular class of cases but will be applied when the facts establish an unconscionable injury if the oral contract is not enforced. Jones & Guerrero Co. v. Smith, 292 F.2d 815 (9th Cir. 1961); Fibreboard Products, Inc. v. Townsend, 202 F.2d 180 (9th Cir. 1953); Goldstein v. McNeil, 122 Cal. App.2d 608, 265 P.2d 113 (1954); Ryan v. Welte, 87 Cal.App.2d 897, 198 P.2d 357 (1948); Le Blond v. Wolfe, 83 Cal. App.2d 282, 188 P.2d 278 (1948); cf. Baglione v. Wagner, 65 Cal.2d 192, 53 Cal.Rptr. 139, 417 P.2d 683 (1966).

The nub of Whittaker's argument is that Lucas gave up no more than any person who leaves his present employment for what he thinks is a better job. The trial court held that Lucas' detrimental reliance on the two-year contract in moving to Colorado was more than that suffered in the ordinary change of jobs. Lucas v. Whittaker, 335 F.Supp. 889 (D.Colo.1971).

Lucas, in accepting the offered employment by Whittaker, resigned from what appeared to be a secure job with a company for whom he had worked for nine years, including incidents of that employment—medical and life insurance benefits, stock options, accrued vacation time and a college tuition supplement for eligible dependents. He sold a custom-built house in which he and his family lived for only eight months. He gave up business and social contacts. All of this obviously was lost because of Lucas' reliance on the oral agreement. The trial court's fact finding

of unconscionable injury is not clearly erroneous. See People v. Watkins, 175 Cal. App.2d 182, 345 P.2d 960 (1959). That Lucas earned more during his thirteen months with Whittaker than he would have earned in two years at his old job is irrelevant in determining unconscionable injury.

Whittaker also contends that Lucas failed to meet his burden of proof in showing that Whittaker breached the employment contract and that the trial judge erred in not instructing the jury on whether Lucas was discharged for cause. Although it is generally held that an employee claiming breach of an employment contract has the burden of proving the employer's breach, Schweizer v. Amalgamated Butcher Workmen, 141 Colo. 211, 347 P.2d 516 (1959), when the employee establishes the breach, the burden is on the employer to show justification. See Farmer v. Arabian American Oil Co., 285 F.2d 720 (2d Cir. 1960); Moore v. Missouri Pacific Railroad Co., 264 F.2d 754 (5th Cir.), cert. denied, 361 U.S. 861, 80 S.Ct. 119, 4 L.Ed.2d 103 (1959); Chiodo v. General Waterworks Corp., 17 Utah 2d 425, 413 P.2d 891 (1966); Hansen v. Columbia Breweries, 12 Wash.2d 554, 122 P.2d 489 (1942). Cf. Cole v. Loew's Incorporated, 8 F.R.D. 508 (S.D.Cal.1948), rev'd on other grounds, 185 F.2d 641 (9th Cir. 1950), cert. denied, 340 U.S. 954, 71 S. Ct. 570, 95 L.Ed. 688 (1951). See also 53 Am.Jur.2d Master & Servant §§ 45 and 67 (1970).

The evidence establishes that Whittaker discharged Lucas before the expiration of the period of employment. Whittaker offered no evidence to show that Lucas' discharge was for cause and no issue was present for the jury.

Affirmed.