19716

Ben C. COKER, Respondent, v. RICHTEX CORPORATION and John A. Wells, of whom, John A. Wells is, Appellant.

(200 S. E. (2d) 231)

*Messrs. Frank L. Taylor, Frank L. Taylor, Jr.,* and *James A. Spruill, III,* of Columbia, *for Appellant,* cite:

*Messrs. E. Crosby Lewis* and *Richard W. Arnold,* of Columbia, *for Respondent,* cite:

November 1, 1973.

LITTLEJOHN, Justice:

Plaintiff Ben C. Coker brought this action against defendants, Richtex Corporation and John A. Wells, alleging an oral contract by Richtex through Wells, its agent, to pay him (Coker) one-half of his monthly salary ($425.00) for life, as retirement, from the time Coker reached the age of 65 years.

Richtex, answering the complaint, denied the alleged promise, denied consideration for the alleged promise, and asserted the statute of frauds as the promise was not in writing and not capable of performance in one year, and also alleged that any such promise was outside the scope of the authority of Wells and, accordingly, not binding on Richtex.

The answer of Richtex also contained a cross-complaint against Wells, alleging that any promise made by him was without authority. It also alleged that if Richtex was bound by reason of Wells' apparent authority, Richtex was entitled to indemnification from Wells.

The defendant, Wells, answering the complaint, denied the promise, denied consideration, asserted the statute of frauds, and denied the allegations of the cross-complaint.

The case was tried before a jury, which returned a verdict in favor of Coker against Wells only, in the amount of $8,500.00, representing $425.00 per month from the date of Coker's retirement at age 65 until the date of the trial, and for $425.00 per month for the life of Coker.

Timely motions for a nonsuit, a directed verdict, and for judgment notwithstanding the verdict were made and overruled by the trial judge.

In the trial the judge charged the jury that if it found for Coker, it should return a verdict of $8,500.00 and that, in addition, Coker would be entitled to $425.00 a month for the remainder of his life. Counsel for Wells timely objected to this instruction.

Wells has appealed, charging error on the part of the trial judge in denying the motions for a directed verdict and for judgment notwithstanding the verdict. He contends, as a matter of law, that the alleged contract was barred by the statute of frauds and that there was no evidence of consideration.

Error is also alleged because the trial judge directed a verdict as to the amount of damages sustained by reason of Wells' breach of the contract.

Error is further alleged in that the trial judge permitted certain testimony over objection of counsel for Wells.

We are of the opinion that the judge did not err in refusing the motions of counsel for Wells for a directed verdict and for judgment notwithstanding the verdict. The contract is not unenforceable because of the statute of frauds, South Carolina Code § 11-101 (1962). There is evidence which, if believed, warrants the inference that when Coker was about 60 years of age (in 1965), Wells, who was President of Richtex, orally promised

Coker and others that if they remained with the company until they reached the age of 65, Coker and others would receive one-half of their monthly salary for life. Coker continued to work until he was 65 years of age; he retired and asked for the retirement which had been promised. The oral agreement was impossible of performance within one year and therefore originally unenforceable by reason of the statute of frauds; however, complete performance on the part of Coker takes the oral contract out of the statute of frauds and makes Wells' promise enforceable in spite of the fact that it could not be performed within a year. Our courts have long recognized the majority rule that full performance by one side will take the entire contract out of the one year clause of the statute of frauds. *Walker v. Wilmington, C. & A. R. Co.,* 26 S. C. 80, 1 S. E. 366 (1887), cited with approval in *McLellan v. McLellan,* 131 S. C. 245, 126 S. E. 749 (1925).

The oral contract was for Coker to continue his employment until age 65. There is no contention that he was otherwise under a legal obligation to continue his employment. By continuing to work, he fully performed his part of the agreement, and accordingly the statute of frauds is not a defense; the exception is without merit. See *Lee v. Jenkins Brothers,* 268 F. (2d) 357 (2nd Cir. 1959).

Wells contends that there was no evidence of consideration for the alleged promise and, accordingly, no enforceable contract. Remaining at the employment, when there was no obligation to do so, constituted sufficient consideration to support the promise to pay retirement benefits. The exception is without merit.

Wells also alleges error in the lower court's instructing the jury that if "the plaintiff is entitled to a verdict at your hands, your form of your verdict would be, 'We find for the plaintiff damages in the amount of $8,500.00.' As I have explained to you, that would mean that the plaintiff would receive $8,500.00 at this time,

plus $425.00 a month for his natural life." We are convinced that the court erred in so instructing the jury. The burden was upon Coker to establish both the existence of the contract and the amount due thereunder to the satisfaction of the jury under the instructions of the court. The jury's repudiation of Wells' denial that any promise relating to retirement had been made did not require acceptance of plaintiff's testimony as to the terms of the promise. That remained a jury issue, especially since there was other evidence which reasonably tended to discredit plaintiff's claim of an unconditional promise of $425.00 per month for life upon retirement at age 65. Both issues should have been submitted to the jury.

Finally, counsel for Wells argues that the lower court erred in permitting testimony over objection relative to the living expenses of Coker. At a new trial, which must be held, the issues will be considerably different because, first, Richtex Corporation has been released by the jury and, second, the amount Coker is to recover, if he is to recover, will be for consideration by the jury. In the statement of the case it was agreed by counsel that one of the questions involved in the appeal may be generally stated as:

"(1) Whether his Honor Judge Grimball erred in permitting testimony over objection of appellant concerning the income, wealth or expenses of appellant and respondent;"

Some of these matters were not properly reserved for review with appropriate objections in the first trial. Whether any of them are relevant at the new trial will depend upon the issues as they come to be developed and will be questions for the trial judge.

Reversed and remanded.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.