## Clark H. Mason v. Margery Anderson, Administratrix of the Estate of Earl D. Miner, Sr.

[499 A.2d 783]

No. 83-572

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 23, 1985

*Therese M. Corsones* of *Corsones & Hansen*, Rutland, for Plaintiff-Appellee.

*Susan J. Crawford* and *Timothy N. Maikoff* of *Smith Harlow & Liccardi*, Rutland, for Defendant-Appellant.

**Hill, J.** Defendant, Margery Anderson, administratrix of the estate of Earl D. Miner, Sr., appeals from an order of the Rutland Superior Court granting summary judgment in favor of the plaintiff, Clark H. Mason. We affirm.

The plaintiff alleges and proved that on or about July 14, 1980, he loaned to defendant's decedent, Earl Miner, Sr., the sum of $5,000.00. The loan was made pursuant to an oral agreement between the parties. The plaintiff also alleges that Miner agreed to pay back the loan over time at the rate of $200.00 per month.

Payments on the loan were made by Miner until the time of his death in October 1981. Approximately $1,100.00 had been repaid. Following Miner's death, plaintiff submitted to the defendant a claim for the remainder of the loan amount. This claim was denied and plaintiff then filed a complaint in superior court for the balance due on the loan.

Defendant moved for summary judgment on the grounds that the Statute of Frauds prohibited the enforcement of the alleged loan agreement, because the agreement could not be completed within a year, and was not evidenced by any writing. The trial court denied defendant's motion and granted summary judgment

in favor of the plaintiff. The sole issue on appeal is whether the court erred in determining that the defendant is precluded from raising the Statute of Frauds, 12 V.S.A. § 181, as a defense in this action.

■ Under the Statute of Frauds, 12 V.S.A. § 181(4), "[a]n agreement not to be performed within one year from the making thereof" must be evidenced by a writing signed by the party to be charged. An exception to this provision of the Statute of Frauds which is followed by a majority of jurisdictions is that complete performance by one of the parties to an alleged oral agreement takes the agreement out of the one-year provision of the Statute of Frauds. E.g., *Ortega* v. *Kimbell Foods, Inc.*, 462 F.2d 421 (10th Cir. 1972); *Emerson* v. *Universal Products Co.*, 35 Del. 277, 162 A. 779 (1932); *Aldape* v. *State*, 98 Idaho 912, 575 P.2d 891 (1978); *Coker v. Richtex Corp.*, 261 S.C. 402, 200 S.E.2d 231 (1973); 2 Corbin on Contracts § 457 (1950); Restatement (Second) of Contracts § 130 and comment d (1981). But see *Montgomery* v. *Futuristic Foods, Inc.*, 66 A.D.2d 64, 411 N.Y.S.2d 371 (1978) (only full performance by both sides will take contract out of the one year provision of the Statute of Frauds). Defendant argues that Vermont does not follow the majority rule. She relies on the case of *Parks* v. *Francis's Admr.*, 50 Vt. 626 (1878), in which the plaintiff named his son after an individual in exchange for that person's oral promise to make four yearly deposits in a bank account for the benefit of the son. After making two deposits, the individual died and no further deposits were made. The Vermont Supreme Court reversed a judgment for the plaintiff and held that the agreement was unenforceable because, by operation of the Statute of Frauds, the plaintiff was unable to submit parol evidence to prove the agreement. We decline to follow *Parks* and, to the extent it conflicts with our holding today, it is overruled.

■ The purpose of the Statute of Frauds is to prevent a party from being compelled, by oral and perhaps false testimony, to be held responsible for an agreement he or she claims was never made. *First National Bank* v. *Laperle*, 117 Vt. 144, 149, 86 A.2d 635, 638 (1952). Application of the Statute in the present case would operate to perpetrate a fraud rather than prevent one. The plaintiff fully performed his obligations under the agreement. He acted in reliance on the agreement in lending Miner $5,000.00 and thereby changed his position in a manner which prejudiced himself. In such a situation, to insist on a strict and mechanical oper-

ation of the Statute would defeat its purpose. We therefore join with those jurisdictions which follow the majority rule and hold that because the plaintiff had fully performed his obligations under the alleged agreement, the one-year provision of the Statute of Frauds does not prevent the plaintiff from proving the existence of the contract by parol evidence.

*Affirmed.*